Romie Clifford LUCAS

v.

Robert H. FINCH, Secretary of Health,
Education, and Welfare.

Civ. A. No. 3728.

United States District Court,
S. D. West Virginia.

June 12, 1970.

Franklin W. Kern, Charleston, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Robert B. King, Jr., Asst. U. S. Atty., Charleston, W. Va., for Robert H. Finch.

## MEMORANDUM OPINION

FIELD, Chief Judge.

This action was brought to review a decision of the Secretary of Health, Education, and Welfare which denied the plaintiff's claim for a period of disability under 42 U.S.C.A. Section 416(i) and for disability insurance benefits under 42 U.S.C.A. Section 423. The defendant has moved for summary judgment, while the plaintiff has opposed that motion by brief and has moved that the case be remanded to the Secretary.

Plaintiff first applied for a period of disability and for disability insurance benefits on February 27, 1959. The application was denied on November 20, 1959, and plaintiff took no further action on it. Subsequently, on January 27, 1965, plaintiff filed another application, which was denied initially and upon reconsideration. Plaintiff thereafter requested a hearing on his claim, and the hearing was held in Charleston, West

Virginia, on September 16, 1966. The hearing examiner's decision of October 31, 1966, was affirmed in part and reversed in part by the Appeals Council on September 28, 1967. The determination by the Appeals Council denied plaintiff a period of disability and disability insurance benefits and became the final decision of the Secretary. Plaintiff then timely filed the instant action for review under 42 U.S.C.A. Section 405(g).

The hearing examiner found that a lumbosacral injury suffered by the plaintiff from October 9, 1957, to February 13, 1959, would not entitle him to a period of disability or to disability insurance benefits as of the date of his first application, since at that time an impairment had to be of long-continued and indefinite duration to constitute a disability under the Social Security Act. However, the 1965 amendments to the Act liberalized the duration requirement so that an impairment had only to last or be expected to last for 12 months. The hearing examiner applied the amended definition to plaintiff's back impairment and determined that he was entitled to a closed period of disability from October 9, 1957 to February 13, 1959.

The Appeals Council overruled this determination on the ground that the application of January 27, 1965, was filed more than 12 months after the end of the period of disability and therefore, under 42 U.S.C.A. Section 416(i) (2) (E), could not be accepted for the purpose of establishing a period of disability which ended six years earlier. The Appeals Council also concluded that the rule of administrative finality applied to the application filed in 1959 since plaintiff did not pursue it after it was initially denied.

■ In his brief, counsel for plaintiff contends that there was error on the face of the evidence in the first determination and therefore, under Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), fundamental fairness precludes use of that determination as a foundation for administrative res judicata. This court is of the opinion that even if the doctrine of administrative res judicata had not been applied in this case, plaintiff would still be precluded from establishing the period of disability in question because of the specific bar of 42 U.S. C.A. Section 416(i) (2) (E), which expressly prohibits a period of disability from being established if the period has terminated more than 12 months prior to the date of filing the application. Thus, plaintiff's application of January 27, 1965, insofar as it attempted to establish a period of disability from 1957 to 1959, could not be accepted.

Therefore, the next question is whether with respect to the 1965 application, the balance of the Secretary's decision otherwise denying plaintiff's claim is supported by substantial evidence. 42 U.S.C.A. Section 405(g). The decision of this court is that the requisite substantial evidence existed and that plaintiff is not entitled to a period of disability or to disability insurance benefits.

■ Plaintiff last met the special insured status requirements of the Social Security Act on September 30, 1962. To qualify for a period of disability and for disability insurance benefits, he had to establish that a medically determinable physical or mental impairment, expected to last at least 12 months, prevented him from engaging in any substantial gainful activity while he was under the special insured status. 42 U.S.C.A. Sections 416(i) (1) (A) and 423 (d) (1) (A).

The evidence showed that plaintiff was born in 1925 and completed the third grade in school. After working as a farmer, truck driver, press machine operator, and metal melter, he was employed as a railroad laborer from 1947 to 1957, and for two years of that period he was a railroad cook. On October 9, 1957, he injured his back and thereby became unable to work until February 13, 1959, as discussed above. Shortly thereafter, he expressed interest in participating in a rehabilitation course for cooks and bakers, but failed to follow through with the training. In 1961, he

entered the A.D.C.U. program and worked as a school custodian, timekeeper, and messenger. He continued these activities off-and-on until 1964, and in 1966, he purchased and operated a small restaurant for several months. In September of 1966, plaintiff went to work for the Department of Welfare Services as a janitor's helper.

Plaintiff's alleged disabling impairments consisted of the 1957 back injury, bronchial asthma, kidney trouble, and a deteriorated heart condition. On February 13, 1959, plaintiff was examined by Dr. Kuhn, an orthopedic surgeon, who found that plaintiff had great subjective complaints but very little objectively wrong with him. He concluded that plaintiff was not disabled from an orthopedic standpoint and should be referred for vocational rehabilitation. Thereafter, plaintiff reported for cooks' and bakers' training, as discussed above, but remained at the school for only one hour. The vocational counsellor felt that the attempts to train him had failed because of his lack of co-operation and because he had no motivation to work.

Dr. Walden examined plaintiff on June 3, 1959, and found an essentially normal heart, asthmatic, and arthritic condition. His only diagnoses were "nucleus pulposus (questionable)" and "atrophy left testicle." Dr. Scott, in a letter dated July 27, 1959, to the C & O Hospital, recommended that plaintiff "go back to work because of negative clinical findings." Plaintiff was next examined on August 31, 1959, by Dr. Mac-Cracken, who concluded that plaintiff was "unable to work." This conclusion was based on a finding of deterioration of the lower spine, although 1) there was no evidence of nerve root or peripheral nerve tenderness, 2) the lower extremities showed no evidence of atrophy or motor weakness, and 3) reflexes were normal.

Plaintiff was examined at the orthopedic clinic of the C & O Hospital on July 5, 1963. Findings were normal with the exception of decreased right ankle jerks. An x-ray of plaintiff's spine on July 15, 1963, indicated the absence of the lordotic curve of the lumbar spine. The next examination was also at the C & O Hospital on July 17, 1963, when plaintiff returned for an "examination in order to go back to work. States he does not have any pain in back."

Dr. Hernandez examined plaintiff on March 15, 1965, some two and a half years after plaintiff's special insured status had expired. Although diagnosing chronic bronchitis, chronic fibromyositis, and angioneurotic heart disease, the physician felt that plaintiff's chances for improvement with respect to recommended medical and rehabilitation procedures were "good," as opposed to "fair" or "none." Dr. Hernandez concluded that plaintiff was partially disabled for physical labor, but believed he could perform light work as long as no lifting was involved.

The last examination of record was performed on June 7, 1965, by Dr. Kuhn, who acknowledged the continuing back problem as well as finding a strain in plaintiff's neck. Dr. Kuhn doubted if plaintiff could perform heavy manual work, but stated, "In view of his age, certainly he should be a candidate for the possibility of training in something through the Rehabilitation Division that he could do."

■■ This court is therefore unable to conclude that the Secretary's decision is not supported by substantial evidence. Although it is apparent that plaintiff has been troubled by the back injury, which seems to have fluctuated in severity over the years, he has failed to establish that it has prevented him from engaging in *any* substantial gainful activity. While subjective evidence of pain and disability may be considered by a reviewing court, objective medical *facts and expert medical opinion are equally and highly relevant* in determining whether the Secretary's decision is supported by substantial evidence. Lackey v. Celebrezze, 349 F.2d 76 (4th Cir. 1965). Here, only one doctor has concluded that plaintiff was unable to work, while two doctors who examined

him two and a half years after his special insured status had expired thought him capable of performing light work. Doctors Kuhn, Scott, and Walden, who examined plaintiff during the insured period, found nothing that would prevent him from engaging in substantial gainful activity.

■ In addition, under Lackey v. Celebrezze, *supra*, a plaintiff's age, education, and work history may likewise be considered by the reviewing court. Thus, although plaintiff has just a third grade education, he was only 34 years old at the time his back injury had improved to the point that it was no longer medically considered disabling. Moreover, his work history had consisted of not only physical labor but also substantial industrial experience. Certainly, these factors, when considered along with the medical evidence, support the Secretary's conclusion that plaintiff failed to establish that he was unable to engage in substantial gainful activity while he met the special insured status of the Act.

■ ■ Furthermore, plaintiff's own activities during and after his insured status, which expired September 30, 1962, furnish persuasive evidence for the Secretary's decision that he was *able* to engage in substantial gainful activity during the critical period. He worked in the A.D.C.U. program as a school custodian, timekeeper, and messenger from 1961 to 1964, in 1966 he operated a small restaurant, and later in 1966 he did janitor's work for the Department of Welfare Services. While each of these activities alone might not be deemed substantial, this court is of the opinion that their duration, when considered in view of the majority of medical opinion that plaintiff was physically capable of performing light work, provides substantial evidence for the Secretary's decision that plaintiff did not satisfy his burden of establishing a disability within the meaning of the Act. In such a case, it is not the function of a reviewing court to weigh the evidence or re-solve conflicts in it, even when it is possible to draw a conclusion different from that of the Secretary. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). When the court determines that the administrative decision is supported by substantial evidence, it is obliged to affirm that decision. 42 U.S.C.A. Section 405 (g).

■ The final question to be considered concerns plaintiff's counsel's motion to remand the case to the Secretary for the purpose of obtaining evidence which exists which has not been submitted by the plaintiff. Under 42 U.S.C.A. Section 405(g), a plaintiff must show "good cause" to justify a remand. A report by Dr. McClellan indicates that he has been treating plaintiff for the back injury, bronchitis, asthma, and emphysema since 1957. In its brevity and generality, the report is merely cumulative with respect to the many other specific medical reports that have been considered by the Secretary and this court, and no good cause has been shown or exists as to the manner in which this report could change the outcome of the Secretary's decision.

■ The other evidence sought to justify a remand is a report of a summary of a hearing before the West Virginia Department of Welfare in 1969. That report concludes that plaintiff "is incapacitated due to arthritis, bronchial asthma, heart trouble, and various other physical conditions." While plaintiff unfortunately may very well be so incapacitated, a report of his physical condition almost seven years after the expiration of his special insured status would have no bearing on the result of this case in the light of all the other evidence that has been considered. Therefore, plaintiff's motion to remand will be and hereby is denied.

For the reasons set forth in this opinion, the defendant's motion for summary judgment is granted and the Secretary's decision is affirmed. Counsel may prepare an appropriate order incorporating this opinion by reference.