Joseph D. ARNOLD, Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Appellee.

No. 76–2119.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1977.

Decided Nov. 28, 1977.

Deborah G. Gibson, Bluefield, W.Va., for appellant.

Joan E. Kaehne, Asst. Regional Atty., Philadelphia, Pa. (Paul R. Thomson, Jr., U.S. Atty., Morgan E. Scott, Jr., Asst. U.S. Atty., Roanoke, Va., and Stephanie W. Naidoff, Regional Atty., Philadelphia, Pa., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and CRAVEN * and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

■ This appeal involves the duty of the Secretary of Health, Education and Welfare to consider, in a claim for Black Lung benefits under 30 U.S.C. §§ 921–925, evidence of pneumoconiosis, which evidence accumulated after June 30, 1973.[1]  Joseph

---

* Judge Craven participated in the decision of this case but died before the opinion was prepared. 28 U.S.C. § 46(d).

1. The Secretary of Health, Education and Welfare administers claims filed before June 30, 1973. After that date, claims must be filed with the Secretary of Labor. 30 U.S.C.

§§ 902(c) and 925(a)(1). To qualify for benefits from the Secretary of Health, Education and Welfare, the applicant must have filed his claim before June 30, 1973, and must prove that he was totally disabled due to pneumoconiosis before that date. *Talley v. Mathews*, 550 F.2d 911 (4th Cir. 1977).

Arnold, who worked in the nation's mines for more than twenty years, appeals from a judgment of the district court which found that the final decision of the Secretary denying black lung benefits to appellant was supported by substantial evidence. We vacate and remand.

As recited by the district court, there was considerable conflicting evidence in the case. Much of the earlier medical evidence was either non-conclusive or indicated the absence of pneumoconiosis.[2] However, later medical evidence was probative of the existence at the time of the later findings of disabling pneumoconiosis. The difficulty with the Secretary's position is that he did not explain the weight which he attributed to this evidence, if, in fact, he considered the evidence at all.

Most significant of the later evidence was the result of an examination performed by Dr. Frank Varney. His tests, dated April 25, 1975, consisted of blood gas studies, chest x-rays, and ventilatory studies. While the blood gas study results included a $PCO_2$ of 33.6 mm Hg. and a $PO_2$ of 62.4 mm Hg., the x-ray report was interpreted as showing pneumoconiosis, category 1/1 p., and the ventilatory studies showed an $FEV_1$ of I.0 L. and an MVV of 23.4 L./Min.[3]

In *Talley v. Mathews*, supra, we considered the issue of the probative value of evidence obtained after June 30, 1973 to prove the existence of pneumoconiosis before that date. Until our decision in *Talley*, the Secretary had taken the position that, because his jurisdiction was limited to cases filed before June 30, 1973, he would not consider evidence accumulated after that date. We disagreed, saying the state of a miner's health after June 30 was relevant to show whether or not he suffered from black lung disease before that date. *Talley*, p. 917; *Begley v. Mathews*, 544 F.2d 1345 (6th Cir. 1976); *Collins v. Weinberger*, 401 F.Supp. 377 (W.D.Va.1975) (vacated on oth-

er grounds in 550 F.2d 911 (4 Cir.)). Proof that a miner had pneumoconiosis in 1975 is probative of the fact that the miner may have had the disease before June 30, 1973, but it is not conclusive. *Talley*, p. 917, n. 14a. Pneumoconiosis does not appear suddenly, and one may infer the presence of the disease in 1973 from the fact that a miner had pneumoconiosis in 1975. See *Collins*, supra.

■ The Secretary has the duty to hear all relevant evidence in order to determine whether an applicant is entitled to black lung benefits. That determination will not be overturned if supported by substantial evidence. 30 U.S.C. § 923(b); *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir. 1974). The courts, however, face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim*, at p. 397.

■ Thus, we hold that the Secretary, in determining an applicant's entitlement to black lung benefits, must consider all relevant evidence, including that accumulated after June 30, 1973, and must indicate explicitly that such evidence has been weighed and its weight. See *Thorn v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *Cutler v. Weinberger*, 516 F.2d 1282, p. 1285 (2nd Cir. 1975).

We believe that the Secretary did not meet that standard in this case. While he claims that he considered all of the evidence, including the post-1973 medical findings, the opinion of the administrative law

---

**2.** We do note that there was evidence that Arnold suffered from emphysema, a respiratory ailment.

**3.** Had Dr. Varney's findings been made before June 30, 1973, Arnold would be presumed to be

totally disabled due to pneumoconiosis. 20 C.F.R. § 410.490. Arnold filed one application for black lung benefits dated March 17, 1970, and a more complete application June 2, 1970.

judge gives no indication of the weight afforded the later reports; rather, that matter is discussed in what amounts to no more than a bare recital that he considered the evidence.[4] In view of the Secretary's past refusal to consider post-1973 evidence, he considered it irrelevant, see *Collins* at p. 381, there is some reason to believe that little, if any, consideration was given to Dr. Varney's findings.[5] Therefore, the Secretary must reveal how he treated such evidence in his rejection of the applicant's contentions.

We express no opinion as to the conclusions that should be drawn from this evidence. However, the post July 1, 1973 evidence was obviously probative, including the 1975 findings of Dr. Varney, and Arnold was entitled to have that evidence properly considered and to have the Secretary explain how he treated it in arriving at his conclusion.

As we are unable to determine whether the Secretary's position at the administrative level in this case followed the erroneous conclusion which the courts attempted to remedy in *Talley, Begley,* and *Collins,* we believe the judgment for the Secretary should be vacated.

On remand, both parties should be afforded the opportunity to submit further evidence. Accordingly, we remand the case to the district court with instructions to remand it to the Secretary for further taking of evidence should either party be so advised, and then reconsidered by the Secretary in the light of the record and this opinion.

Since the Secretary must reconsider the case, we do not express an opinion on the remaining points raised on appeal.

VACATED and REMANDED.

---

4. The administrative law judge's opinion includes:

> "Although consideration was given to x-ray findings and pulmonary function tests submitted during 1975, I am unable to determine that this claimant suffered from pneumoconiosis or a disabling respirable disease at any time on or before June 30, 1973."

While this may have included Dr. Varney's findings, it is not at all certain. They were not included in his list of exhibits and were sent to the Appeals Council by plaintiff's attorney. The Appeals Council also did not refer to them as such.

5. The administrative law judge's opinion in our case is dated July 11, 1975, prior to both *Collins* and *Talley.* While it is true that the administrative law judge considered in some detail the post July 1, 1973 medical reports which supported his findings, their probative value is obvious. The record is at least equally open to the inference that the Secretary did not consider the unfavorable post July 1, 1973 reports as to the inference that he weighed them and found them wanting.