**Meryle PRICE, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 76–54–F.**

United States District Court, N. D. West Virginia, Fairmont Division.

April 10, 1979.

412(a)(2) of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. §§ 921(a), 922(a)(2). Review in this Court is based upon the provision of 30 U.S.C. § 923(b) which expressly incorporates Sections 205(g) and (h) of the Social Security Act, as amended. 42 U.S.C. §§ 405(g) and (h). The case is presently pending before the Court on the parties' cross motions for summary judgment. The scope of review is limited to the determination of whether the Secretary's decision is supported by substantial evidence. *E.g. Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972).

Plaintiff contends that the Secretary's decision is not supported by substantial evidence and, therefore must be reversed because the Secretary (1) failed to give proper consideration to "lay" evidence; (2) applied incorrect standards of law; and (3) did not accord Plaintiff a full and fair hearing. Defendant argues that the decision is legally correct and is supported by substantial evidence. After a thorough review of the administrative transcript, this Court finds that the Secretary failed to properly evaluate the lay evidence adduced by Plaintiff. Therefore, the Secretary's decision is not supported by substantial evidence and must be reversed.

Robert F. Cohen, Jr., Fairmont, W. Va., for plaintiff.

William D. Wilmoth, Asst. U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare, (Secretary) denying her claim for black lung benefits as a widow of a miner, under Sections 411(a) and

It is undisputed that Plaintiff has satisfied all but one of the conditions of entitlement to benefits as a widow of a miner under the law. 30 U.S.C. § 921(a); 20 C.F.R. 410.210. The sole condition of entitlement which is in dispute is whether Plaintiff has demonstrated that her husband, James Price, "was totally disabled due to pneumoconiosis at the time of his death  .  .  .." 20 C.F.R. 410.210(e)(2).[1] The Administrative Law Judge (ALJ), in his written decision, which was adopted by

---

1. Pursuant to 20 C.F.R. 410.210(e)(2), Plaintiff would be entitled to benefits provided she could prove that the miner's "death was due to pneumoconiosis." Because of the dearth of documentary medical evidence that Plaintiff's death was caused by a chronic respiratory impairment, "plaintiff reluctantly concludes that she cannot establish that her husband's death

was due to pneumoconiosis within the meaning of 20 C.F.R. 410.462." Brief of Plaintiff, at p. 9. Plaintiff bottoms her claim of entitlement solely upon proof by "other evidence" that her deceased husband was totally disabled due to pneumoconiosis at the time of his death, within the meaning of 20 C.F.R. 410.454.

the Appeals Council as the final decision of the Secretary, expressly found that the deceased miner was not disabled by pneumoconiosis, or presumed pneumoconiosis, "prior to" his death and accordingly denied benefits.[2]

Plaintiff presented evidence which demonstrated that her husband had been employed in the mines for forty-six years when he died. Although he had not worked in underground mines, it is undisputed that the environment in which he worked was very, very dusty, and the ALJ did not determine that he was not a miner within the Act. It is clear that the miner died in 1959 while on vacation. Plaintiff's uncontradicted testimony established that it was her deceased husband's intention never to return to work, a decision which was based upon his failing health. The cause of the miner's death was diagnosed by a nonexamining doctor of osteopathy as coronary thrombosis. Plaintiff did not submit any documentary medical evidence indicating that her deceased husband had suffered from any chronic lung impairment. Nevertheless, she did testify that doctors had treated him and had warned him to quit smoking and that he suffered from "miner's catarrh". The only evidence probative of the deceased miner's physical condition was the testimony of the Plaintiff herself and that of two co-workers of the deceased miner. This lay medical evidence tended to show that the deceased miner had suffered from breathing problems over a substantial number of years, characterized by coughing, sputum, chest pains, and sleeping problems, as well as annual bouts of influenza and pneumonia. The co-workers testified that Plaintiff was sometimes short of breath after relatively minor physical exertion.

The administrative record before the Court demonstrates that the ALJ's finding that the deceased miner was not disabled by a chronic lung impairment was based upon the absence of documentary medical evidence. In his written decision, the ALJ stated:

"While the testimony of the claimant and witnesses is accepted as fully credible, the absence of medical evidence of a history of complaint, recognition, or treatment of a lung condition and the fact that the miner was employed at his regular coal mine occupation at the time of his death, precludes finding he died from pneumoconiosis, or was totally disabled by such condition prior to his death."

The ALJ further stated:

"there is no evidence to establish that miner suffered from, was diagnosed or treated for pneumoconiosis, or other chronic pulmonary or respiratory disease."

Plaintiff acknowledges the absence of documentary medical evidence demonstrating that the deceased miner suffered from a chronic respiratory impairment, but forcefully argues that miner's respiratory problems were rarely recognized, diagnosed or treated by physicians at the time or previous to the deceased miner's death. Therefore, Plaintiff argues, she is forced to rely upon lay evidence to establish the long deceased miner's disability.

■ Plaintiff's "lay" evidence in this case is clearly probative of the determinative issue in this case. It is also clearly relevant in establishing the disability of the deceased miner. 20 C.F.R. 410.454(c). This Court recognizes that such evidence is entitled to special consideration in a case such as this, where a miner died many years before pneumoconiosis and related impairments were recognized as a valid medical problem. Accordingly, the duty of the Secretary in such a case is to give a careful and fair consideration of such evidence. The

---

2. The ALJ incorrectly expressed the standard by which the miner's disability was to be determined: the statute and regulations promulgated thereunder speak of disability at the time of death not "prior to" death. See 30 U.S.C. § 921(c)(4); 20 C.F.R. 410.210(e)(2); 20 C.F.R. 410.410(a) and (b)(2); 20 C.F.R. 210.412(b). Although the language expressed by the ALJ may not have been outcome determinative of Plaintiff's claim, the difference between "prior to" and "at the time of" could have made a crucial difference in the outcome of this case, because of the particular factual background presented by Plaintiff.

ALJ in this case obviously failed to do such. The Secretary, therefore, committed reversible error. In a slightly different context, the Court in *Arnold v. Secretary,* 567 F.2d 258, 259 (4th Cir. 1977) stated: "The Secretary, in determining an applicant's entitlement to black lung benefits, must consider *all relevant evidence* . . . and must indicate explicitly that such evidence has been weighed and its weight." (Emphasis supplied).

Accordingly, for the reasons stated above, this Court finds that the Secretary's decision is not supported by substantial evidence and, therefore, ORDERS that the Secretary's decision is reversed. The Court further ORDERS that this case be remanded to the Secretary for further proceedings consistent with this opinion.