Cammie K. **HARMON**, Appellant,

v.

Joseph A. **CALIFANO**, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 77–2117.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1978.

Decided April 18, 1979.

---

Deborah Garton Gibson, Bluefield, W. Va. (Hensley, Muth & Gibson, Bluefield, W. Va., on brief), for appellant.

James S. Arnold, Asst. U. S. Atty. (Robert B. King, U. S. Atty., Charleston, W. Va., and A. George Lowe, Sp. Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The appellant, Cammie K. Harmon, appeals from a decision of the Secretary of Health, Education and Welfare denying black lung benefits. The claimant is a retired coal miner with a sixth grade education and over 20 years of coal mine employment. After his initial request for black lung benefits was denied, the claimant requested and was granted a hearing before an administrative law judge. The evidence before the hearing examiner included: (1) five X-rays (three negative, two positive) with various positive and negative re-readings; (2) several conflicting physicians' reports; (3) three negative ventilatory studies; (4) a determination of 15 percent disability from black lung by the West Virginia Workmen's Compensation Board; (5) a prior finding of total disability from causes including pneumoconiosis and arthritis by the Social Security Administration; and (6) the testimony of the claimant, his brother, and his wife. The administrative law judge found that the claimant was not totally disabled from pneumoconiosis on or before June 30, 1973, and the appeals council summarily affirmed. The district court denied relief.

■ We have reviewed the record and are of opinion the Secretary erred in failing to determine if the claimant met the requirements for application of the presumption of total disability from pneumoconiosis contained in 20 C.F.R. § 410.414(b). The regulation states:

"*Presumption relating to respiratory or pulmonary impairment.* (1) Even though the existence of pneumoconiosis is not established as provided in paragraph (a) of this section, if other evidence demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment (see §§ 410.412, 410.422, and 410.-426), it may be presumed, in the absence of evidence to the contrary (see paragraph (b)(2) of this section), that a miner is totally disabled due to pneumoconiosis, or that a miner was totally disabled due to pneumoconiosis at the time of his death."

The administrative law judge did find that "The claimant was not totally disabled because of actual or presumed pneumoconiosis which arose out of employment in the coal mines. . . .," and we assume, for argument, that there may be substantial evidence to support this finding, such as negative X-rays and ventilatory studies. However, if the claimant can show 15 years' employment in the coal mines and can prove a totally disabling "chronic respiratory or pulmonary impairment," then he may be presumed to be totally disabled from pneumoconiosis. The Secretary has not addressed that point although the plaintiff had more than 15 years' coal mine employment.

We express no opinion on the ability of the claimant to meet the presumption, but we do note that there is evidence in the

record on which such a conclusion could be based. For example, the claimant presented a 1975 X-ray which showed pneumoconiosis, and evidence from one doctor who concluded that the claimant is totally disabled from a chronic lung disease. Additionally, Harmon, his wife, and his brother all testified to the severity of his respiratory ailment. We also note that the analysis of the administrative law judge that earlier negative X-rays necessarily outweigh later positive ones is not correct. See *Arnold v. Mathews*, 567 F.2d 258 (4th Cir. 1977).

Of course, the presumption in 410.414(b) is rebuttable, and it is possible that the Secretary will reach the same result in this case even if the presumption is found to apply. He also may find that the claimant has not even met all the requirements of the presumption because he has not demonstrated a totally disabling chronic respiratory or pulmonary impairment. However, we cannot presume either result.

■ The plaintiff points out that on December 21, 1971 the Social Security Administration determined that he was totally disabled due partially to black lung disease and partially to other causes. This is an admitted fact. The plaintiff then claims that the 1971 adjudication, for the purposes of Social Security disability, that he had black lung disease, is *res judicata* of that fact so that the administrative law judge's ascertainment in our case that he did not have black lung disease could not have been found. Plaintiff's claim that the 1971 finding of black lung disease is *res judicata* is not well founded. The finding is subject to reopening for a period of four years for good cause. 20 C.F.R. § 404.957(b). A finding subject to being so reopened provides an inappropriate bar to further adjudication if new evidence offered may result in a different determination as it did here. *Leviner v. Richardson*, 433 F.2d 1338, 1342–1343 (4th Cir. 1971); *Grose v. Cohen*, 406 F.2d 823, 825 (4th Cir. 1969).

Because the Secretary did not determine whether or not the plaintiff had demonstrated the existence of a totally disabling chronic respiratory or pulmonary impair-

ment in accordance with 20 C.F.R. § 410.-414(b), and because of the failure to comply with *Arnold*, we vacate and remand to the district court with instructions to remand to the Secretary for reconsideration. On remand, either party may introduce additional relevant evidence if he be so advised.

VACATED AND REMANDED.