**John P. McNUNIS, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, Appellee.**

**No. 77–2146.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1979.

Decided Sept. 17, 1979.

P. Lee Clay, R. Anthony Welch, North Central West Virginia Legal Aid Society, Charlotte, N. C. (Anna Norton, Second Year Law Student, c/o WVU Law Center, on brief), for appellant.

William D. Wilmoth, Asst. U. S. Atty., Wheeling, W. Va. (Stephen G. Jory, U. S. Atty., Elkins, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, HALL, Circuit Judge, and MERHIGE,* District Judge.

K. K. HALL, Circuit Judge:

John P. McNunis [claimant] appeals from a final order of the district court affirming the decision of the Secretary of Health, Education and Welfare that he was not entitled to disability benefits under the Social Security Act. 42 U.S.C. § 401 et seq. Claimant alleged disability due to a nervous disorder, high blood pressure, an orthopedic disorder, high blood pressure, an orthopedic condition and pneumoconiosis. The administrative law judge [ALJ] found that claimant had not established his inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments. 42 U.S.C. §§ 416(i), 423 (d)(1)(A). The Appeals Council affirmed without comment.

Our scope of review is limited to determining whether the decision of the Secretary is supported by substantial evidence. If such support exists, we must affirm; if not, we must reverse. 42 U.S.C. § 405(g). See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Because the record shows conclusively that claimant has proved total disability due to pneumoconiosis, we reverse.

The social security regulations contain listings of physical and mental impairments which, if met, are conclusive on the issue of disability. 20 C.F.R. § 404.1506.

(a) The Listing of Impairments describes, for each of the major body systems, impairments which—

(1) Are of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity; and

(2) Are expected to result in death or to last for a continuous period of not less than 12 months.

Pneumoconiosis is one such impairment, 20 C.F.R. Subpart P, App. § 3.06, where (1) it is demonstrated by X-ray evidence, and (2) pulmonary studies meet one of the three alternative criteria for pulmonary fibrosis set out in 20 C.F.R. Subpart P, App. § 3.04.

In this case, claimant submitted oxygen saturation studies done by Dr. Jacob which showed $O_2$ of 92 mm.Hg. and $pCO_2$ of 32.5 mm.Hg. The parties agree that these values meet the criteria specified in § 3.04(C). The Secretary contends, however, that claimant did not meet the threshold re-

---

* Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, at Richmond, sitting by designation.

quirement of demonstrating pneumoconiosis by X-ray evidence.[1] We disagree.

Admittedly, the X-ray evidence is conflicting. But claimant has submitted two positive X-rays: one dated 12/19/72 was interpreted by the Fairmont Clinic as showing simple pneumoconiosis, and another dated 1/3/75 was interpreted by Dr. Nelson as showing pneumoconiosis 1-2$_p$. 20 C.F.R. Subpart P, App. § 3.06 requires only that pneumoconiosis be "demonstrated" by X-ray evidence, as a threshold to consideration of oxygenation studies under § 3.04. We need not define the exact parameters of the requirement; it suffices to note that the burden on the claimant is a lighter one than that imposed under the black lung regulations, which require that a claimant *establish the existence of* pneumoconiosis by X-ray evidence. 20 C.F.R. § 410.414(a).

We think the two positive X-rays of record amply satisfy the threshold requirement that pneumoconiosis be demonstrated by X-ray. As the parties agree that the oxygenation study meets the criteria of 20 C.F.R. Subpart P, App. § 3.04(C), it follows that claimant is entitled to an award of disability benefits. 20 C.F.R. § 404.1506.

The judgment of the district court is reversed, and the case remanded for the court to enter judgment for the claimant.

REVERSED WITH INSTRUCTIONS.

HAYNSWORTH, Chief Judge, dissenting:

In this Social Security case, there is evidence in the record of ventilatory impairment. It was not considered by the administrative law judge or the Appeals Council. It should have received consideration at each stage. Thus I agree that the denial of benefits without such consideration cannot be affirmed.

I believe, however, that on this record we do not have the power to find the facts essential to the award of benefits under the Social Security Act. There is evidence in the record of an impairment, but no finding that one exists. More crucially, there is no finding that the impairment, if it does exist, is disabling. Under the Social Security Act, there is no presumption of disability from the presence of such an impairment, even if it were determined that the claimant had mild pneumoconiosis.

The Secretary found the claimant could engage in gainful employment. The finding is imperfect because of the failure to consider the breathing problem. We should require the fact finder to reconsider the claim, taking into account all of the health problems, including that with the lung, but the ultimate question of disability is one of fact which should be left to the fact finder.

---

1. This issue is considered for the first time on appeal, as neither the ALJ nor the Appeals Council evaluated or even mentioned the evidence of pneumoconiosis. In the usual case, we would order a remand for reconsideration under *Arnold v. Secretary of H.E.W.*, 567 F.2d 258 (4th Cir. 1977). Anticipating the *Arnold* issue, counsel for the Secretary maintained at oral argument that, even had the X-ray evidence been properly considered, the ultimate

decision could not have been different. *See Lucas v. Finch*, 322 F.Supp. 1209, 1213 (S.D.W. Va.1970), *aff'd per curiam sub nom. Lucas v. Gardner*, 453 F.2d 1255 (4th Cir. 1972).

As our opinion makes clear, we are unpersuaded by this argument. Further, in a case less clear than this one, the *Lucas* situation would be the rare exception to the necessity of an *Arnold* remand.