995 F.2d 1062
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CONSOLIDATION COAL COMPANY, Petitioner,
v.
Philip J. COLANERO; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-2294.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993
Decided: June 7, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (89-3325-BLA)
 Argued: William Steele Mattingly, Jackson & Kelly, Morgantown, West Virginia, for Petitioner.
 Robert F. Cohen, Jr., Cohen, Abate & Cohen, L.C., Fairmont, West Virginia, for Respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Consolidation Coal Company appeals from a decision of the Benefits Review Board granting Philip J. Colanero's claim for black lung disability benefits. See 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1993). Consolidation questions whether substantial evidence supports the decision of the Administrative Law Judge (ALJ) that Colanero suffers from totally disabling pneumoconiosis as defined in 20 C.F.R. § 718.204(c) (1992). Drs. Renn and Fino, on behalf of Consolidation, opined that Colanero's impairment had a cardiac etiology, while Dr. Rasmussen, on behalf of Colanero, stated that the cause was pulmonary. The ALJ, who occupies "a better position to assess the weight and sufficiency of the evidence than either the Board or this court," Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir. 1985), prepared a well-reasoned and documented opinion that addressed this conflict and provided reasons for rejecting the opinions of Drs. Renn and Fino, see Arnold v. Secretary, HEW, 567 F.2d 258, 259 (4th Cir. 1977) (holding that all relevant evidence must be weighed and that weight given to that evidence must be indicated). Consequently, our review of the record reveals that the decision of the ALJ rests on substantial evidence and is consistent with applicable law. See Director, OWCP v. Consolidation Coal Co., 923 F.2d 38, 42 (4th Cir. 1991). Accordingly, we affirm the grant of benefits to Colanero.
 
 AFFIRMED