28 F.3d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Craven CHAVIS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of HEALTHHAND HUMAN SERVICES,
Defendant-Appellee.
 No. 93-1915.
 United States Court of Appeals, Fourth Circuit.
 July 5, 1994.
Argued: February 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CA-92-141-CIV-F)
 ARGUED James Jerry Wall, LEGAL SERVICES OF THE LOWER CAPE FEAR, Wilmington, North Carolina, for Appellant.
 Barbara Dickerson Kocher, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 ON BRIEF James R. Dedrick, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Craven Chavis appeals from an order of the district court affirming the Secretary's denial of his claim for Social Security benefits. We find no merit in Chavis' assignments of error and accordingly affirm the decision below.
 
 I.
 
 2
 In January 1985, Chavis filed an application for Supplemental Security Income benefits with the Social Security Administration, claiming disability due to colon cancer. Chavis' application was denied initially and upon reconsideration. Chavis did not pursue the matter further until August 1988, when he sought review of his claim pursuant to Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990). Again, his claim was denied.
 
 
 3
 Following this denial, Chavis requested and received a hearing before an administrative law judge ("ALJ"). The ALJ issued a decision on January 6, 1992, finding that, in addition to the residual effects of his colon cancer, Chavis suffers from depression and has a low IQ. The ALJ also found that Chavis has the residual functional capacity to perform light work activity involving only simple, routine, repetitive tasks in a low stress environment. Relying upon the testimony of a vocational expert, the ALJ found that Chavis, despite his impairments, could perform other jobs existing in significant numbers in the national economy.[1] The ALJ accordingly denied Chavis' request for benefits.
 
 
 4
 Chavis filed with the Appeals Council a request for review of the ALJ's decision and submitted additional evidence. The Appeals Council admitted the new evidence, but denied Chavis' request for review of the hearing decision. Accordingly, the ALJ's decision became that of the Secretary.
 
 
 5
 Chavis next filed a complaint in the district court, seeking review of the ALJ's denial of benefits. On June 2, 1993, the district court affirmed the ALJ's decision, finding that it was supported by substantial evidence. Chavis appeals the district court's decision.
 
 II.
 
 6
 To qualify for Social Security benefits, a claimant bears the initial burden of proof to show that, because of his impairment, he is unable to perform his previous work. E.g., Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.1983). Once this prima facie showing of disability has been made by a claimant, the burden of going forward shifts to the Secretary to establish that the claimant has sufficient residual functional capacity to perform an alternative work activity that exists in the national economy. Id. Where the claimant has demonstrated the presence of nonexertional impairments[2] the testimony of a vocational expert is ordinarily required for the Secretary to meet his burden. Id. at 192.
 
 
 7
 This Court will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C.Sec. 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on the foregoing definition, this Court has said that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays v. Sullivan, 907 F.2d at 1456 (4th Cir.1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 III.
 
 8
 On appeal, Chavis first contends that the ALJ posed an improper hypothetical question to the vocational expert because the ALJ failed to mention in the hypothetical that Chavis suffers from depression and has a low IQ. Instead, the ALJ told the vocational expert to assume that Chavis can perform "light work" involving only "simple, routine, repetitive tasks in a low stress environment." Chavis argues that the ALJ's hypothetical does not adequately encompass the effects of his mental limitations because it incorrectly assumes that Chavis is able to perform simple, routine, repetitive tasks in a low stress environment. We disagree.
 
 
 9
 We have held that "[i]n order for a vocational expert's opinion to be relevant or helpful ... it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). An ALJ, however, has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record. Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986); Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986); Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir.1983); see Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir.1990); Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986).
 
 
 10
 Here, we find that substantial evidence supports the ALJ's assumption that, given Chavis' depression and low IQ, Chavis can perform simple, routine, repetitive tasks in a low stress environment. Dr. Daniel Patterson, M.D., for example, performed a psychiatric evaluation of Chavis on August 21, 1991. Dr. Patterson concluded that Chavis' intellectual functioning was low and that he suffered from depression. Nevertheless, Dr. Patterson noted that he did not see Chavis' "psychiatric problems as affecting his ability to make occupational, personal, or social adjustments." Moreover, in the "Medical Assessment of Ability to Do Work-Related Activities (Mental)" he completed, Dr. Patterson noted that Chavis' ability to follow work rules, interact with supervisors, relate to co-workers, and follow simple job instructions was "good."
 
 
 11
 Daniel S. Moore, a licensed psychological associate, performed a psychological evaluation of Chavis on July 13, 1991 and also found that Chavis suffered from depression and had a low IQ. Mr. Moore stated, however, that if Chavis' "medical problems [colon cancer] were under control, I would see him as being employable." Moreover, in the "Medical Assessment of Ability to Do Work-Related Activities (Mental)" he completed, Mr. Moore stated that Chavis' ability to follow work rules, interact with supervisors, function independently, and follow simple job instructions was good. On that form, Mr. Moore also noted that Chavis' concentration and memory were good and that his comprehension was only mildly impaired.
 
 
 12
 Dr. Patterson and Mr. Moore's reports provide ample support for the ALJ's assumption that Chavis can perform simple, routine, repetitive tasks in a low stress environment. So also does Chavis' own testimony that, after he stopped working, he began to care for the children, cook meals, clean the house, garden, drive his wife to the grocery store, and periodically help his father-in-law who works in an automobile repair garage. We accordingly find that the ALJ's hypothetical question adequately incorporated the effects of Chavis' mental limitations.
 
 IV.
 
 13
 In assessing Chavis' residual functional capacity, the ALJ considered Chavis' subjective complaints of stomach and abdominal pain resulting from his colon cancer and found that they were not disabling. On appeal, Chavis contends that the ALJ improperly evaluated his complaints of pain. We disagree.
 
 
 14
 Under Foster v. Heckler, 780 F.2d 1125 (4th Cir.1986), a claimant must first produce objective medical evidence of a condition which could reasonably be expected to produce the alleged pain. Foster, 780 F.2d at 1128-29. Once such medical evidence is presented, the effects of the alleged pain on a claimant's residual functional capacity must be considered. Id. at 1130.
 
 
 15
 In the instant case, the Foster standard was properly applied to evaluate Chavis' complaints of pain. First, the ALJ found that Chavis suffered from the residual effects of colon cancer, a condition that could reasonably be expected to produce pain. Then, the ALJ proceeded to consider the effects of Chavis' pain on his ability to perform light work.[3] On the evidence presented, the ALJ determined that Chavis' subjective complaints of pain were not credible to justify a claim of total disability.
 
 
 16
 The record contains substantial evidence to support the ALJ's finding that, despite Chavis' complaints of pain, he can perform a wide range of light work. To begin, the record shows that Chavis' daily activities include cooking, cleaning, caring for children, gardening, driving, and working in an automobile repair garage. Further, the medical reports by Chavis' treating physicians indicate that Chavis can perform light work.[4] Finally, although Chavis testified that he has been unable to work since January 31, 1985, he worked sporadically as a sheetrock hanger, a job requiring heavy exertion, from 1984 through 1988. This activity and Chavis' willingness to engage in it for so many years is inconsistent with Chavis' allegations of severe stomach and abdominal pain which prevents him from returning to work. Accordingly, we find that the ALJ properly evaluated Chavis' complaints of pain.
 
 V.
 
 17
 We have reviewed Chavis' remaining assignments of error and find them to be without merit.[5] We accordingly affirm the decision of the district court upholding the ALJ's decision to deny Chavis benefits.
 
 AFFIRMED
 
 
 [1]
 Examples of such jobs included: bench assembler, garment folder, laundry folder, cloth folder, and hand packer of shoes
 
 
 [2]
 A limitation qualifies as a nonexertional impairment when that impairment is not manifested by a loss of strength or other physical abilities. Grant v. Schweiker, 699 F.2d at 192; 20 C.F.R. Sec. 404.1569(a) (1993). Certain mental, sensory, or skin impairments, for example, qualify as nonexertional impairments
 
 
 [3]
 Light work requires lifting of objects that weigh up to 20 pounds. The work may include a good deal of walking, standing, or sitting with some pushing and pulling of the leg or arm controls. 20 C.F.R. Sec. 404.1567(b) (1993)
 
 
 [4]
 For example, Dr. Shyam Garg, in August 1990, noted that Chavis was "able to sit, stand and squat from [a] sitting and squatting position without any problem." Except for his recommendation that Chavis seek further treatment for his colon cancer, Dr. Garg noted that Chavis' condition was "stable" and placed no limitations on him. Dr. Fred VanNynatten, in July 1991, also found that Chavis was able to "sit, stand, [and] move about." He noted that Chavis' ability to lift and carry was decreased by an unspecified but negligible amount. Finally, Dr. Daniel Patterson noted in his medical report dated August 1991 that the only restriction imposed upon Chavis by his abdominal pain was that he could not perform heavy lifting
 
 
 [5]
 Specifically, Chavis contends that the Appeals Council, in its order denying Chavis' request for review, did not sufficiently explain the weight it gave to the new evidence Chavis submitted. E.g., Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258, 259 (4th Cir.1977) (holding that the Secretary must consider and explain the weight it gives to all relevant evidence). The Appeals Council, however, stated in its decision that it considered the new evidence, that the new evidence differed from the evidence relied upon by the ALJ, and that the new evidence did not provide a basis for reversing the ALJ's decision which it found to be supported by the weight of the evidence. We find that these statements satisfy Arnold
 Chavis also contends that the ALJ inadequately performed his duty to develop a full and fair record of his case. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986) (holding that an ALJ has a duty to explore "all relevant facts and inquire into the issues necessary for adequate development of the record"). We have reviewed the record and find that the ALJ's development of the trial record was adequate.