**Reginald HILL, Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil Action No. 2:98–0598.**

United States District Court, S.D. West Virginia.

May 18, 1999.

Michael Miskowiec, Charleston, VA, for plaintiff.

Rebecca A. Betts, Kelly R. Corry, Charleston, VA, for defendant.

## *OPINION AND ORDER*

HALLANAN, Senior District Judge.

Currently pending before the Court are Defendant's Objections to the Magistrate's recommendation that Plaintiff's motion for judgment on the pleadings be denied: Defendant's motion for judgment on the pleadings be denied; the Commissioner's final decision be reversed, and the matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with *Craig v. Chater,* 76 F.3d 585 (4th Cir.1996). Having reviewed said Objections, as well as the entire administrative transcript, both in support and opposition, as well as relevant case law, the Court is now prepared to issue its ruling.

Claimant, Reginald Hill, filed concurrent applications for Supplemental Security Income ("SSI") and disability benefits on February 22, 1993, alleging a disability beginning January 22, 1993, due to a heart attack and asthmatic bronchitis. (TR. 93–95, 99–103, 147) Claimant requested a hearing before the Administrative Law Judge ("ALJ"). Subsequently, the ALJ determined that Claimant was not under a "disability" as defined in the Social Security Act at any time through the date of the decision. Claimant sought review of the ALJ's decision by the Security Appeals Council. Thereafter, the Appeals Council concluded there was no basis under the regulations for granting Claimant's request for review and affirmed the ALJ's findings. Claimant then appealed the final administrative decision of the Commissioner and the matter was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who was designated to consider the pleadings and evidence herein and to submit to the Court his proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The Magistrate recommends that Plaintiff's motion for judgment on the pleadings be denied; Defendant's motion for judgment on the pleadings be denied; the Commissioner's final decision be reversed; and this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with *Craig v. Chater,* 76 F.3d 585 (4th Cir.1996). The Magistrate's recommendation is based upon the belief that the Commissioner's decision denying Claimant's petition for disability insurance benefits under Title II of the Social Security Act is not supported by substantial evidence. This matter is now ripe for the Court's *de novo* review of the portions of the Magistrate's Findings and Recommendations to which objections were made.

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); *Blalock v. Richardson,* 483 F.2d 773, 774 (4th Cir.1972). Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A). The burden of proving a disability within

the meaning of 42 U.S.C. § 423(d)(1)(A) is on the claimant. Therefore, the claimant must demonstrate that:

> [H]is physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir.1983). The ALJ, in considering evidence of Plaintiff's disability, must conduct the sequential analysis required by 20 C.F.R. § 404.1520; *Hall v. Harris*, 658 F.2d 260 (4th Cir.1981). If the individual is found "not disabled" at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). That analysis requires the ALJ to determine:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether he has a severe impairment;
>
> (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 to Subpart P of the Administrative Regulations No. 4, which warrants a finding of disability without considering vocational factors; and
>
> (4) if not, whether the impairment prevents him from performing past relevant work.
>
> (5) By satisfying either step 3 or 4, the claimant establishes a *prima facie* case of disability.

With inquiry five, the burden shifts to the Commissioner to determine whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall,* 658 F.2d at 264–65.

In the case at bar, the ALJ found that Claimant's medical evidence establishes that he has a treatment history for chronic obstructive pulmonary disease and coronary artery occlusive disease (successfully treated using a balloon angioplasty procedure) and a closed head injury and mood disorder beginning in November 1993, but that he does not have an impairment or combination of impairments meeting or equaling the severity of an Appendix 1 listed impairment. (TR. 21) In addition, the ALJ determined that although Claimant is unable to perform his past relevant work as a fireman, stamping plant press operator, or carpenter, he does however, have the residual functional capacity to perform physical exertion and nonexertional requirements of light work with the nonexertional limitations in the hypothetical question posed to the vocational expert. *Id.* Further, the ALJ stated that based upon an exertional capacity for sedentary and/or light work, and the Claimant's age, educational background, and work experience, Section 404.1569 of Regulations No. 4 and Rules No. 201.21 and 202.21 of Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion of "not disabled." *Id.* Finally, the ALJ determined that although the Claimant is unable to perform the "full range of light work, he can adjust to work existing in significant numbers in the national economy." (TR. 22) Therefore, the ALJ concluded that Claimant has not been disabled at any time though the date of the ALJ's decision. *Id.* The decision became the final decision of the Commissioner on June 10, 1998, when the Appeals Council refused Claimant's request for review.

 The scope of review by the Court is specific and narrow under Section 405(g) of the Social Security Act. *Blalock* at 776. Section 405(g) provides that "... the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ...." 42

U.S.C.A. § 405(g). Substantial evidence is "evidence which a reasonable mind would accept as adequate to support a conclusion. It is more than a scintilla of evidence but somewhat less than a preponderance." *Blalock* at 776. It has been said that substantial evidence is evidence which would be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Id.* Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Never-the-less, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch,* 495 F.2d 396, 397 (4th Cir.1974).

The medical evidence before the ALJ established that Claimant has a history of chronic obstructive pulmonary disease, coronary artery occlusive disease, and a closed head injury and mood disorder. Because the record did not contain evidence establishing a listed impairment, the Claimant's disability status hinged on his residual functional capacity and his nonexertional impairments. In assessing the Claimant's residual functional capacity, the ALJ discussed Claimant's allegations of headaches and dizziness, which was the primary topic of inquiry during the ALJ's hearing, but the discussion in the ALJ's decision was only to a limited degree. (TR. 16) The Magistrate found that, although the ALJ stated that he reviewed Claimant's complaints of pain and other nonexertional impairments, it was evident that the Commissioner did not fulfill his obligation in reviewing Claimant's complaints of pain in light of *Craig v. Chater,* 76 F.3d 585 (4th Cir.1996). The Court concurs with the Magistrate's opinion.

In *Craig,* the Fourth Circuit established, using the Social Security Regulations, a two-part test for the determination of whether a person is disabled by pain or other symptoms. *Craig,* 76 F.3d at 594. The first prong of the test requires that there must be "objective medical evidence

showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* citing 20 C.F.R. §§ 416.929(b) & 404.1529(b). Therefore, the Fourth Circuit found that for pain to be disabling, "there must be some showing of a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges [he] suffers." *Craig* at 594. The first prong however, does not "entail a determination of the 'intensity, persistence, or functionally limiting effects' of the claimant's pain asserted." *Id.* See 20 C.F.R. § 416.929(b) & 404.1529(b).

Once the Commissioner satisfactorily completed the first prong of *Craig* by determining that there is objective medical evidence of a medical impairment reasonably likely to cause the pain claimed, the Commissioner must next consider the "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work ...." *Craig* at 595. See 20 C.F.R. § 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's complaints of pain, but also "all the available evidence." *Craig,* at 595. In *Craig,* the Fourth Circuit remanded the case to the ALJ because he "did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges." *Id.* at 596. Instead, the Fourth Circuit found that the ALJ skipped directly "to considering the credibility of her subjective allegations of pain." *Id.* The Court finds the case at bar to be analogous to *Craig* despite Defendant's objections.

Defendant's objections are premised on three separate arguments. First, Defendant contends that the ALJ did in fact "explicitly" perform a part 1 pain analysis

by acknowledging that Claimant's impairments could and did in fact cause headaches and dizziness. Second, Defendant states that the ALJ "implicitly" performed a part 1 pain analysis by evaluating the actual functional limitations caused by Claimant's impairments. Finally, Defendant asserts that a remand of this case would be a waste of judicial and administrative resources because Defendant believes that a favorable determination for Claimant as to part 1 would still result in a denial of benefits. The Court finds Defendant's objections to be without merit.

In support of Defendant's first argument, he directs the Court to page 16 of the record wherein Defendant contends that on this page, the ALJ explicitly found that Claimant's head trauma could and did in fact cause dizziness and headaches. Page 16 of the record contains a brief discussion [1] of the medical evidence considered by the ALJ regarding Claimant's headaches and dizziness. (TR. 16) Claimant's treating neurologist determined that Claimant was unable to work due to headaches, forgetfulness, and occasional blurred vision and dizziness. *Id.* However, as discussed by the ALJ, the dizziness was accommodated by not working at heights or around machinery. *Id.* In addition, the ALJ determined that, "[d]espite headaches, the Claimant has adequate concentration." *Id.*

The ALJ also discussed the opinion of Dr. Timothy Thistlethwait, a psychiatrist who examined Claimant. Dr. Thistlethwait opined that Claimant carries "a diagnosis of mood disorder secondary to brain injury." *Id.* Dr. Thistlethwait went on to conclude that it would be "extremely difficult" for the Claimant to maintain regular employment. *Id.* However, the ALJ dismissed Dr. Thistlethwait's opinion because he determined that it "is not the standard applied when assessing disability." *Id.*

To support his argument that the ALJ "explicitly" considered the objective medi-

cal evidence stated above, it appears that Defendant relies on the ALJ's statement that, "[t]he undersigned accepts that the claimant has a chronic condition." *Id.* Contrary to Defendant's contention, the Court finds, as the Fourth Circuit did in *Craig*, the ALJ did not "*expressly* consider . . . the question whether [Claimant] had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain [he] alleges." *Craig* at 596. (emphasis added) The ALJ only briefly discussed in his decision Claimant's headaches and dizziness, which was the primary topic of inquiry at the hearing, and dedicated little analysis on those points in his decision when denying Claimant's application when his hearing was premised upon the aforementioned grounds.

■ As pointed out by the Fourth Circuit, the ALJ has the duty to specifically refer to the evidence upon which he bases the framework of his decision. This is commonly referred to as the "duty of explanation." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). The duty of explanation is an important part of the administrative charge, "and it is especially crucial in evaluating pain . . ." *Hammond*, 765 F.2d at 426. The ALJ did not fulfill his duty in this regard as he did not adequately explain the denial of Claimant's social security benefits in light of the objective medical evidence advanced by Claimant. Instead the Court finds, as the Fourth Circuit did in *Craig*, the ALJ went directly to the second prong of the pain analysis to determine Claimant's credibility in light of his subjective complaints of pain. This of course is not the correct sequence to follow.

■ In addition, the Court also finds that the ALJ did not "explicitly indicate the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). In denying

---

1. Of the ALJ's 9 page decision, only three-quarters of one page are dedicated to the discussion of medical evidence regarding Claimant's headaches and dizziness. (TR. 16)

Claimant's application, the ALJ discussed the medical evidence he had before him but did not indicate the weight given to said evidence. Without sufficiently explaining the weight the ALJ gave to said evidence, both objective and subjective, "to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Schweiker*, 725 F.2d at 236 citing *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977). The ALJ did not indicate the weight given to the various medical reports submitted by Claimant in this case.

The Court also rejects Defendant's argument that the ALJ implicitly considered part 1 of the pain analysis in his decision. As pointed out by Claimant, *Craig* specifically held that an ALJ must "expressly consider the threshold question" of whether the Claimant has an impairment that could cause symptoms resulting in pain. *Craig*, 76 F.3d at 596. Therefore, the argument advanced by Defendant is without merit and rejected by the Court.

Finally, Defendant argues that to remand this case would be a waste of judicial resources because a favorable determination for Claimant at part 1 of the pain analysis would still result in a denial of benefits. The Court does not concur with Defendant's contention. For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demand nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record to review.

Additionally, the Court directs the ALJ to consider medical evidence from Claimant that was in existence at the time of the ALJ's decision that was not forwarded to him as the result of Claimant's prior attorney's neglect. Specifically, the Court refers to Dr. Thistlethwait's treatment records and the MRI report dated October 25, 1998.

After a *de novo* review, the Court **AFFIRMS** the Findings and Recommendation of the Magistrate Judge. For the aforesaid reasons, **IT IS ORDERED** that Plaintiff's motion for judgment on the pleadings be and is hereby **DENIED.** Defendant's motion for judgment on the pleadings be and is hereby **DENIED.** The Commissioner's final decision be **REVERSED,** and the matter be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996).