Clarence D. CANTRELL, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellee.

No. 77–1918.

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1978.

Decided July 5, 1978.

James H. Coleman, Malden, W. Va., for appellant.

Phillip I. Morse, Sp. Asst. U. S. Atty., Baltimore, Md. (Robert B. King, U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, HALL, Circuit Judge, and HOFFMAN *, District Judge.

PER CURIAM:

Clarence D. Cantrell sought judicial review of the final decision of the Secretary of Health, Education and Welfare that Cantrell was not entitled to "black lung" benefits under Part B of the Federal Coal Mine Health and Safety Act of 1969, as amended in 1972, 30 U.S.C.A. § 901 et seq. The district court concluded that the Secretary's decision was supported by "substantial evidence," which is the applicable standard of judicial review under the 1969 Act. 30 U.S.C.A. § 923(b); 42 U.S.C.A. §§ 405(g), 421(d). We agree that the Secretary's decision was supported by "substantial evidence," and therefore we must affirm the denial of benefits.

Cantrell submitted with his application for benefits several x-rays, which entitled him to a rebuttable presumption that he was "totally disabled due to pneumoconiosis." 20 C.F.R. § 410.490(b)(1)(i). Unless this presumption were rebutted, it entitled Cantrell to an award of benefits, provided Cantrell could prove that his impairment "arose out of coal mine employment." 20 C.F.R. § 410.490(b)(2). Whether Cantrell proved that element is the issue raised on this appeal.[1]

The permanent and interim regulations also provide that a miner-claimant who was employed for ten years or more in the Nation's coal mines and who is suffering from pneumoconiosis, generally is entitled to another presumption, that his pneumoconiosis arose out of coal mine employment. 20 C.F.R. §§ 410.416(a), 410.490(b)(3). The Appeals Council, which reversed an award of benefits by an ALJ, concluded that Cantrell had been a "coal miner" employed in a "coal mine" for only eight years. Thus, Cantrell was not entitled to the favorable presumption about the origin of his pneumoconiosis. We conclude that the Appeals Council correctly interpreted the applicable regulations and decided that Cantrell had only eight years of coal mine employment. See 20 C.F.R. §§ 410.410, 410.110.[2]

Claimants such as Cantrell, who are unable to rely upon the ten-year presumption, "must submit the evidence necessary to establish that the pneumoconiosis arose out of employment in the Nation's coal mines." 20 C.F.R. §§ 410.416(b), 410.490(b)(2). The Appeals Council found that Cantrell had not presented sufficient evidence to meet his burden of proof under this provision. Cantrell only worked in the coal mines from 1934 to 1942; he admittedly did not notice any breathing difficulties until 1959, and his first x-ray revealing

---

* Senior District Judge for the Eastern District of Virginia, sitting by designation.

1. We have analyzed the claimant's claim for benefits under the more favorable interim criteria, 20 C.F.R. § 410.490. If Cantrell is not entitled to benefits under these provisions, given the nature of his evidence, neither will he be entitled under the less favorable permanent regulations.
   Cantrell's x-rays revealed the presence of simple, not complicated, pneumoconiosis. Cant-

rell's pulmonary function study did not support his claim under the interim criteria because he unquestionably had less than fifteen years of coal mine employment, see 20 C.F.R. § 410.490(b)(1)(ii), nor was the study probative of the origin of Cantrell's pneumoconiosis.

2. Although the permanent and interim regulations are structured somewhat differently, we believe the ten-year presumption is identical with respect to each set of regulations.

pneumoconiosis was made on March 27, 1973. Cantrell held a number of non-mining jobs between 1942 and 1959 that exposed him to substantial dust from coal, coke, charcoal, and lime. The Appeals Council noted that the conditions associated with these jobs are known to cause "chronic respirable diseases including pneumoconiosis." The claimant has not referred us to any persuasive evidence or authority to the contrary. Considering all of he evidence and its implications, we conclude that the Appeals Council's finding that Cantrell had not proved that his pneumoconiosis arose out of his eight years of coal mine employment, as opposed to other working conditions, was supported by "substantial evidence." Our role is not to pretend to be physicians and second-guess the Secretary; we can decide only whether the Secretary's decisions are sufficiently supported by the record.

Finding no error in the Appeals Council's conclusion that Cantrell failed to establish one of the necessary elements for entitlement to "black lung" benefits, we affirm the final decision of the Secretary and the district court. The claimant, of course, is entitled to request administrative reconsideration of his claim under § 15 of the Black Lung Benefits Reform Act of 1977.

*AFFIRMED.*