**James B. MAXEY, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Sec. of Health, Education and Welfare, Appellee.**

**No. 78–1793.**

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1979.

Decided May 21, 1979.

---

Deborah Garton Gibson, Bluefield, W. Va. (Hensley, Muth & Gibson, Bluefield, W. Va., on brief), for appellant.

Barbara E. Nicastro, Asst. U. S. Atty., Charleston, W. Va. (Robert B. King, U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, HALL, Circuit Judge, and WARRINER,* District Judge.

PER CURIAM:

James B. Maxey appeals from a final order of the district court affirming the decision of the Secretary of Health, Education and Welfare that he was not entitled to "black lung" benefits sought pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Our scope of review is confined to determining whether the Secretary's denial was supported by substantial evidence. If such support exists, we must affirm. If not, we must reverse. 30 U.S.C. § 923(b), *incorporating by reference* § 205(b) of the Social Security Act, 42 U.S.C. § 405(b). *See Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1968). In this case we conclude that the Secretary failed to give proper consideration to certain evidence, and we must remand for further consideration. *Arnold v. Secretary of H.E.W.,* 567 F.2d 258 (4th·Cir. 1977).

Although Maxey alleged fifteen years of coal mine employment, the ALJ found that less than two years had been proved. With this "minimal amount of coal mine employment," the ALJ held· that there was no causal connection between any breathing impairment and said employment.[1] The Appeals Council affirmed without comment. Claimant contends that he has presented conclusive evidence of at least ten years of coal mine employment, entitling him to the causal presumption of 20 C.F.R. § 410.416(b), but this evidence has never been properly considered.

The ALJ's finding was based primarily upon Maxey's social security earnings records, which covered the years from 1946 to 1966 and showed only sporadic coal mine employment totaling less than two years in the aggregate. Maxey testified that most of his coal mine employment was in small "punch mines"[2] run by independent operators who did not turn in social security payments or keep accurate records. In support of his claim he submitted nine affida-

---

\* Honorable D. Dortch Warriner, District Judge for the Eastern District of Virginia, at Richmond, sitting by designation.

1. Since the claim was denied on this basis, Maxey's medical evidence has never been evaluated to establish the presence or absence of pneumoconiosis.

2. "Punch mines" are small, non-union mines run by independent operators for brief periods of time. In some instances the operators mine privately owned tracts of land; in others they contract with large companies to mine certain veins.

Maxey contends that punch mine operators in southern West Virginia frequently fail to turn in social security payments. If true, this could account for the substantial gaps in his social security earnings record. We express no view on the merits of the argument but assume that it will be addressed in any further proceedings on remand. *See Birmingham v. Secretary of H.E.W.,* 426 F.Supp. 1320 (E.D.Pa.1977).

vits from fellow workers who stated that they had worked in the mines with Maxey during various time periods in the years at issue.

Four of these affidavits were submitted at the administrative hearing. The ALJ noted them in his recitation of the evidence presented, but evaluated only one, that of James Ward. He discounted the affidavit because Ward stated that he worked with Maxey on a regular and continuous basis from 1953 to 1963, while Maxey had testified that his employment during those years was sporadic. Accordingly,

> "[t]he Administrative Law Judge finds no basis to accept the testimony [of Maxey and Ward] over that of the documented evidence [the social security earnings record], which establishes very little coal mine employment."

Maxey submitted five additional affidavits to the Appeals Council. The Council acknowledged receipt, but did not mention the additional evidence in its routine affirmance of the ALJ's decision.

 In *Arnold v. Secretary of H.E.W.*, 567 F.2d at 259, we held that "the Secretary, in determining an applicant's entitlement to black lung benefits, must consider all relevant evidence, including that accumulated after June 30, 1973, and must indicate explicitly that such evidence has been weighed and its weight." A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court. *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978).

In this case, Maxey has submitted eight pieces of relevant evidence on the employment issue which have not been considered on the record, if at all. Under *Arnold* the case must be remanded for the Secretary to give this evidence adequate consideration and to articulate his conclusions with respect thereto.[3] Accordingly, the judgment of the district court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*REVERSED.*

---

3. Should Maxey yet fail to establish ten years of coal mine employment entitling him to the presumption of § 410.416(b), he should be given an opportunity to present other evidence that his pneumoconiosis arose out of employment in the Nation's coal mines. The Secretary appears to have considered § 410.416(b) a double-edged sword: when Maxey was found to have less than ten years in the mines, the causal connection was presumed not established. We find no support in the Act or its history for this result.

Pneumoconiosis is defined in the Act as a chronic dust disease of the lung. 30 U.S.C. § 902(b). If a claimant has pneumoconiosis yet cannot establish ten years of coal mine employment, we think the nature of his non-coal mine work would be probative. For example, in *Cantrell v. Califano*, 578 F.2d 549 (4th Cir. 1978) the claimant's non-coal mine employment exposed him to substantial amounts of dust from coal and coke. On those facts we held that the Secretary's determination that causation was not established, was supported by substantial evidence. Conversely, if a claimant's non-coal mine employment did not expose him to coal dust, this would be good evidence that his pneumoconiosis arose from his coal mine employment.