**Thelma KOPPENHAVER, Widow of Ivan Koppenhaver, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–3252.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 22, 1988.

Decided Dec. 27, 1988.

As Amended Jan. 19, 1989.

David H. Rattigan, Williamson, Friedberg & Jones, Pottsville, Pa., for petitioner.

Rodger Pitcairn, Barbara Johnson, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before SLOVITER, MANSMANN and SCIRICA, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal presents us with a conflict between the Director of the Office of Workers' Compensation Programs (Di-

rector) and the Benefits Review Board (Board) over the interpretation of 20 C.F.R. § 727.203(a)(5) (1988) relating to the evidence sufficient to establish a presumption of total disability under the Black Lung Benefits Act 30 U.S.C. § 901 *et seq.* (1982).

An Administrative Law Judge (ALJ) awarded Thelma Koppenhaver, a coal miner's widow, benefits under the Black Lung Benefits Act (the Act) in 1985. In 1987 the Department of Labor Benefits Review Board reversed the ALJ's award on the ground that Koppenhaver had not qualified for the interim presumption of compensable disability set forth at 20 C.F.R. § 727.203(a)(5) and remanded the case for further consideration under the regulations at 20 C.F.R. pt. 718. In light of intervening decisions by the Courts of Appeals of the Sixth and Seventh Circuits, the Director changed his position on the issue on which the Board based its decision, determined that the claimant was entitled to benefits, and sought reconsideration in banc by the Board. The Board, however, adhered to its previous position, and refused to reinstate the ALJ's previous decision. *Koppenhaver v. Director, Office of Workers' Compensation Programs*, 11 Black Lung Rep. (MB) 1–51 (1988).

Mrs. Koppenhaver petitioned this court for review of the Board's decision. This matter is before us on motion by the Director, seeking summary action pursuant to Chapter 17 of the Internal Operating Procedures (I.O.P.) of the United States Court of Appeals for the Third Circuit. Both parties agree that, in light of subsequent authority, the legal standard applied by the Board was incorrect, and that the decision of the Board should be vacated and the ALJ's award of benefits be reinstated. In light of the Board's position in this case and its unwillingness to apply the Seventh Circuit's position outside of that circuit, *Koppenhaver*, 11 Black Lung Rep. at 1–52, we believe it appropriate to explain the basis for our judgment.

The text of the regulation reads in pertinent part:

(a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:

.    .    .    .    .

(5) In the case of a deceased miner *where no medical evidence is available,* the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.

20 C.F.R. § 727.203(a)(5) (1988) (emphasis added). The legal issue presented by this case is whether the presence of medical evidence, which is not conclusive as to the existence of a disability, in a black lung claim precludes the invocation of the statutory presumption of total disability provided by 30 U.S.C. § 923(b) and 20 C.F.R. § 727.203(a)(5).

It is undisputed that Ivan Koppenhaver had been employed as a coal miner for nineteen years and that he died of a heart attack in 1967. The only medical evidence produced at trial was a death certificate stating that myocardial infarction was the cause of death, and hospital records relating to treatment for vision problems. The records include a brief reference to a chest X-ray in which Ivan Koppenhaver's condition is described as normal and his lung fields as clear. This evidence is not dispositive of the absence of a pneumoconiosis-related disability, because X-rays do not necessarily reveal the degree of pulmonary impairment or disability and thus are considered irrelevant by the Board for purposes of rebutting the presumption of total disability. *See Somonick v. Rochester and Pittsburgh Coal Co.*, 6 Black Lung Rep. (MB) 1–892, 1–896 n. 3 (1984); *see also Engle v. Pagnotti Enterprises*, 5 Black Lung Rep. (MB) 1–746, 1–750 (1983). The petitioner offered her own lay testimony and that of her daughter, as well as the affidavits of three others who knew her husband, as to the extent of Koppenhaver's disability. The ALJ accepted such affidavits under section 727.203(a)(5) as adequate

evidence of the presence of the requisite pulmonary impairment.

On appeal the Director urged, and the Board agreed, that the presence of the medical evidence, even though not dispositive on the issue of disability, and in fact largely irrelevant to that issue, precluded Mrs. Koppenhaver from relying on nonmedical testimony to establish the presumption of disability under 20 C.F.R. § 727.203(a)(5). Under such a literal reading of the regulation claimants would be precluded from using the section 727.-203(a)(5) presumption any time they produced medical evidence, even if that evidence was not relevant to the issue of the extent of disability.

 Two courts, however, have read the regulation as meaning that lay witness testimony can be used to establish the interim presumption " 'where no medical evidence exists on the issue of disability.' " *Dempsey v. Director, Office of Workers' Compensation Programs*, 811 F.2d 1154, 1159–60 (7th Cir.1987); *see also Coleman v. Director, Office of Workers' Compensation Programs*, 829 F.2d 3, 5 (6th Cir.1987) (following *Dempsey* reading of § 727.203(a)(5)). After canvassing the legislative history of the 1978 amendments to section 413(b) of the Act, 30 U.S.C. § 923(b), from which the interim presumption of 20 C.F.R. § 727.203(a)(5) derives, the *Dempsey* court concluded that Congress intended that, "in the case of a deceased miner, affidavits must be considered where the other relevant evidence is insufficient to establish entitlement, and may suffice ... to establish entitlement where there is no other relevant evidence." *Dempsey*, 811 F.2d at 1159. We agree with the *Dempsey* court's reasoning that the reading of section 727.203(a)(5) adopted by the Board would unfairly penalize miners' widows with access to legally insufficient medical evidence, while permitting widows with access to no evidence to take advantage of the liberal presumption. *Id.* at 1160. We thus hold that where the available medical evidence is insufficient to establish total disability or lack thereof, the survivor of a deceased coal miner with ten years of coal mine employment may establish entitlement to the presumption of total disability on the basis of lay testimony and affidavits. *See also Hillibush v. United States Dep't of Labor, Benefits Review Bd.*, 853 F.2d 197, 203 & n. 10 (3d Cir.1988) (applying similar rule under 20 C.F.R. § 718.305(b)).

We deem this to be an appropriate case for summary action pursuant to I.O.P. chapter 17. We will therefore grant the Director's motion and remand this case to the Board with direction that it vacate its order reversing the ALJ's award of benefits, reinstate the ALJ's award, and remand the case to the Deputy Commissioner, Division of Coal Mine Workers' Compensation, Office of Workers' Compensation Programs, for immediate payment of benefits.

Each party to bear its own costs.