891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary RATLIFF, widow of Burl Ratliff, deceased, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2614.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1989.
Decided: Nov. 13, 1989.
 
 Mary Ratliff, petitioner pro se.
 Michael John Denney, Paul Frieden, United States Department of Labor, for respondents.
 Before WIDENER, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Burl Ratliff filed a claim pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §§ 901, et seq. The administrative law judge (ALJ) denied the claim because Ratliff failed to prove under 20 C.F.R. Part 410 that he was totally disabled or that his respiratory impairment arose out of coal mine employment. The ALJ did not apply § 410.490, as his decision and order was prior to this Court's decision in Broyles v. Director, OWCP, 824 F.2d 327 (4th Cir.1987), aff'd, Pittston Coal Group v. Sebben, 57 U.S.L.W. 4029 (U.S. Dec. 6, 1988) (No. 87-1095), which required that § 410.490 be applied to all claims filed prior to the promulgation of the permanent regulations at 20 C.F.R. Part 718 on April 1, 1980. The Benefits Review Board (Board) affirmed the ALJ's denial of benefits, and held that since Ratliff did not establish that his pneumoconiosis arose out of coal mine employment, he was not entitled to the presumption of total disability under § 410.490. Mary Ratliff appealed from the Board's denial of a motion for reconsideration.[1]
 
 
 2
 We initially note that we cannot consider on appeal Ratliff's argument that her husband had more than ten years of coal mine employment sufficient to qualify for the interim presumption of disability under 20 C.F.R. § 727.203. Ratliff, although represented by counsel before the Board, did not challenge the ALJ's finding of fewer than ten years of coal mine employment. It is well established that courts will consider on appeal only those issues raised in the proceeding before an administrative agency. United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952). See also Director, OWCP v. North American Coal Corp., 626 F.2d 1137 (3d Cir.1980).
 
 
 3
 Under § 410.490, a claimant who demonstrates the existence of pneumoconiosis by X-ray, biopsy, or autopsy evidence, and who establishes that such pneumoconiosis arose out of coal mine employment, invokes a rebuttable presumption of total disability due to pneumoconiosis.[2] Sebben, supra. The ALJ properly found the existence of pneumoconiosis based on the positive interpretations of the X-ray evidence by Drs. Schmidt and Cole, and the Director's concession that X-ray evidence established pneumoconiosis.
 
 
 4
 Section 410.490 refers to 20 CFR §§ 410.416 and 410.456 for standards governing the necessary causation element.[3] Section 410.416 provides that where the evidence establishes fewer than ten years of coal mine employment, "a miner who is suffering or suffered from pneumoconiosis, must submit the evidence necessary to establish that the pneumoconiosis arose out of employment in the nation's coal mines." 20 C.F.R. § 410.416(b). Such a link may be proved by evidence establishing that the miner was not exposed to any other dust that could cause pneumoconiosis. See Maxey v. Califano, 598 F.2d 874, 876 n. 3 (4th Cir.1979).
 
 
 5
 The record includes the report of Dr. Schmidt, who diagnosed coal workers' pneumoconiosis 1/1 p. Because Dr. Schmidt specifically diagnosed Ratliff as suffering from "coal workers' pneumoconiosis," his opinion is sufficient to constitute evidence that Ratliff's pneumoconiosis arose out of coal mine employment. However, there is conflicting evidence suggesting alternative sources of dust exposure. Ratliff testified at the hearing that he worked in shipbuilding, he was exposed to sandpaper dust, he helped dig up pipes, he cleaned out excursion boats, and he worked for a steel company. Because there is other conflicting evidence to suggest alternative sources of dust exposure based on Ratliff's hearing testimony that could have caused his impairment, including shipbuilding and working with sandpaper, the Board should have remanded this case to the ALJ for a resolution of this issue. Where the record establishes such an alternative source, it is the claimant's burden to prove by competent medical evidence that the miner's coal mine employment contributed to the pneumoconiosis. See Cantrell v. Califano, 578 F.2d 549, 550 (4th Cir.1978). If a miner with fewer than ten years of coal mine employment fails to establish that his pneumoconiosis arose out of coal mining, he is not entitled to the presumption under § 410.490. Grant v. Director, OWCP, 857 F.2d 1102 (6th Cir.1988). We decline to resolve this factual issue and therefore remand this case for analysis and weighing of the evidence pursuant to § 410.490 by the ALJ. See Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985). If, on remand, the ALJ determines that there is a causal connection between the miner's pneumoconiosis and his coal mine employment so that the § 410.490 presumption is invoked, the ALJ must also determine whether the presumption has been rebutted under § 410.490(c).[4]
 
 
 6
 The Board's decision and order affirming the denial of benefits is vacated and remanded for further proceedings consistent with this opinion. Our review of the record and the parties' briefs discloses that oral argument would not significantly aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 Burl Ratliff died while this case was pending before the ALJ. His widow, Mary Ratliff, is entitled to derivative benefits if the claim is successful. See 20 C.F.R. § 725.201(a)(2)
 
 
 [2]
 Section 410.490(b) provides:
 (b) Interim presumption. With respect to a miner who files a claim for benefits before July 1, 1973, and with respect to a survivor of a miner who dies before January 1, 1974, when such survivor timely files a claim for benefits, such miner will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of his death, or his death will be presumed to be due to pneumoconiosis, as the case may be, if:
 (1) One of the following medical requirements is met:
 (i) A chest roetgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see § 410.428); or
 (ii) In the case of a miner employed for at least 15 years in underground or comparable coal mine employment, ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in § 410.412(a)(2) as demonstrated by values which are equal to or less than the values specified in the following table:
 Equal to or less than--
 FEV MVV
67" or less 2.3 92
68" 2.4 96
69" 2.4 96
70" 2.5 100
71" 2.6 104
72" 2.6 104
73" or more 2.7 108
 (2) The impairment established in accordance with paragraph (b)(1) of this section arose out of coal mine employment (see §§ 410.416 and 410.456).
 (3) With respect to a miner who meets the medical requirements in paragraph (b)(1)(ii) of this section, he will be presumed to be totally disabled due to pneumoconiosis arising out of coal mine employment, or to have been totally disabled at the time of his death due to pneumoconiosis arising out of such employment, or his death will be presumed to be due to penumoconiosis arising out of such employment, as the case may be, if he has at least 10 years of the requisite coal mine employment.
 
 
 [3]
 Section 410.456, applicable to survivor's claims, has the same criteria as § 410.416
 
 
 [4]
 Section 410.490(c) provides:
 (c) Rebuttal of presumption. The presumption in paragraph (b) of this section may be rebutted if:
 (1) There is evidence that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1)), or
 (2) Other evidence, including physical performance tests (where such tests are available and their administration is not contra-indicated), establish that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a)(1)).