911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. GREEN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2678.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 21, 1989.
Decided Aug. 13, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (86-1689-BLA)
 Richard D. Topper, Jr., Bradley & Farris Co., L.P.A., Columbus, Ohio, for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Paul L. Frieden, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 REMANDED WITH INSTRUCTIONS.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Green has filed his petition for review from a denial of black lung benefits. We remand the case with instructions.
 
 
 2
 After considering considerable medical evidence of all kinds, including the deposition of Green's treating physician, x-rays, and ventilatory and like studies, the ALJ found the existence of pneumoconiosis in Green under 20 C.F.R. Sec. 718.202(a)(4). He further found that Green was totally disabled under 20 C.F.R. Sec. 718.204(c)(4). The ALJ found, however, that Green's pneumoconiosis did not arise out of coal mine employment and denied benefits on that account. Green had only 8 1/2 years of coal mine employment instead of the ten years required for the rebuttable presumption under 20 C.F.R. Sec. 718.203(b) to operate in his favor.
 
 
 3
 One difficulty with the ALJ's decision is that a finding of pneumoconiosis under Sec. 718.202(a)(4) specifically requires a finding that the miner suffers from pneumoconiosis "as defined in Sec. 718.201." Section 718.201 defines pneumoconiosis as "arising out of coal mine employment." So the necessary inconsistency in the ALJ's finding, affirmed by the Benefits Review Board, would call for a remand at the least. This the Director commendably acknowledges. Green, of course, argues he is entitled to benefits now.
 
 
 4
 Green argues that the record does not show that he had any other employment except in a coal mine and that the testimony of his physician is sufficient upon which to base a finding that his pneumoconiosis arose from coal mine employment. The Director argues that a remand is necessary because that testimony of Dr. Bronson is not positive enough, that Dr. Bronson's findings were in part based on a positive x-ray which was re-read as negative, and because of the pulmonary function studies which were questionable for lack of effort.
 
 
 5
 Any questions about the x-rays and the pulmonary function studies have been resolved by the finding of fact of the ALJ that Green has pneumoconiosis, so they are not subject to re-evaluation at this time in the context of causal connection, and to this extent we disagree with the Director. We also are of opinion that Dr. Bronson's responses very nearly provide all the causal connection required.
 
 
 6
 The question asked Green's doctor was as follows:
 
 
 7
 Q: ... Do you have an opinion whether the pneumoconiosis, your findings as to disability and findings on tests were due to Mr. Green's coal mine employment?
 
 
 8
 A: Mr. Green's pneumoconiosis certainly clinically appears to be the result of the exposure to solid particle ingestion over a period of, I would say, around ten years and that is what we're seeing is the progressive deterioration in the fiber tissue of the lung as a result of it.
 
 
 9
 We disagree with the Board and the Director that this quoted testimony of Green's treating physician should have been rejected based on the x-ray and pulmonary function evidence mentioned above. Although it may be straining a little not to award benefits now, we think, however, that while the record before us does not show any employment of Green except that in the coal mines from which he might have contracted pneumoconiosis, neither does the record brought to our attention affirmatively show an exclusion of such employment. We are reminded properly by the Director that the Secretary of Labor has construed the black lung statutes as permitting a diagnosis of causal connection by exclusion in 45 Fed.Reg. 13678, 13687 (February 29, 1980). That is law in this circuit. Maxey v. Califano, 598 F.2d 874, 876, n. 3 (4th Cir.1979).
 
 
 10
 In view of the foregoing, we are of opinion that the findings that Green has pneumoconiosis, as well as the finding that Green is totally disabled from pneumoconiosis, are not subject to further review and must stand as findings in this case. We are further of opinion that the testimony of Green's treating physician, Dr. Bronson, which we have quoted above, must be taken as sufficient evidence to support a finding connecting Green's pneumoconiosis with his coal mine employment, subject only to the qualification that Green must prove that he had not engaged in any other work from which it could be found that his pneumoconiosis was caused, within the meaning of the statute, to the exclusion of his coal mine employment. For that limited purpose, the case is remanded.
 
 
 11
 REMANDED WITH INSTRUCTIONS.*
 
 
 
 *
 We have decided this case on the briefs and record without oral argument. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be aided by oral argument