917 F.2d 1301
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Katherine A. BLEVINS, Widow of William Blevins, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2393.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1990.
Decided Nov. 13, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-2220-BLA)
 C. Randall Lowe, Abingdon, Va., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Paul L. Frieden, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before WIDENER, Circuit Judge, and WINTER and BUTZNER, Senior Circuit Judges.*
 WIDENER, Circuit Judge:
 
 
 1
 The widow of William Blevins filed her claim for black lung benefits which suffered administrative denial, and she has filed this petition for review.
 
 
 2
 Blevins was credited by the Administrative Law Judge with five years' coal mine employment and not credited for a time up to ten years' additional coal mine employment, which was claimed. The ALJ and the Benefits Review Board found that Blevins had pneumoconiosis and was totally and permanently disabled within the meaning of the statute, but that there was no connection between Blevins' admitted pneumoconiosis and his coal mine employment, which is required by regulation as well as by statute. 30 U.S.C. Sec. 901(a); 20 C.F.R. Sec. 718.204(a), (c)(5).
 
 
 3
 The only occupations Blevins was proven to have had, other than coal mine employment, were that of farmer and sawmill worker.
 
 
 4
 On appeal, Mrs. Blevins contests the number of years of coal mine employment for which Blevins was given credit, as well as the finding that there was no connection between Blevins' pneumoconiosis and coal mine employment.
 
 
 5
 On the question of the number of years, we agree with the Director that substantial evidence supports the administrative decision. Social security records from 1937 on tend to support the five years' credit given. As well, the ALJ and the Board were not required to accept the various affidavits, the makers of some of which, at least, were not in as favorable a position as they might have been to state the sought-for conclusions.
 
 
 6
 As to the connection between Blevins' coal mine employment and his pneumoconiosis, however, we think the order from which this petition for review is sought must be vacated and the case remanded for further consideration.*
 
 
 7
 In the case of Maxey v. Califano, 598 F.2d 874, 876, n. 3 (4th Cir.1979), we held that if the record does not suggest any employment except coal mine employment that could be the cause of acknowledged black lung disease, then the claimant is entitled to a finding that the pneumoconiosis in question was connected to coal mine employment. In this case, neither the ALJ nor the Board took that rule into account and merely found there was no proven connection. Before us, the Director suggests that the pneumoconiosis could have been caused by farm or sawmill work, yet there is no such finding by the ALJ or by the Board.
 
 
 8
 On that account, and under the rule in Maxey, the order from which review is sought must be vacated and the case remanded for further factual development as to the question of a causal connection between Blevins' admitted pneumoconiosis and his admitted coal mine employment. If there is no other evidence forthcoming, an order will be entered granting Blevins benefits, for not only did one of the physicians diagnose "black lung disease," there is no evidence in the record to suggest any other source of pneumoconiosis except coal mine employment. The parties are reminded that "due to pneumoconiosis," as well as disability caused by pulmonary disability, has been discussed recently in this circuit in Robinson v. Pickands Mather & Co., --- F.2d ----, No. 90-1003 (4th Cir. Sept. 12, 1990), and in Hobbs v. Clinchfield Coal Co., --- F.2d ----, No. 89-2458 (4th Cir. Oct. 24, 1990). On remand, however, either side may offer additional evidence, if it be so advised.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 Senior Judge Winter was assigned to the panel in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 *
 The ALJ (A-9) fairly well implied that there was not sufficient proof that Blevin's admitted disability did not result "by reason of pneumoconiosis" but there was no explicit finding to that effect. The Board did not repeat the ALJ's implied finding and may have implicitly rejected it because it based its opinion on its affirmance of the ALJ's "finding that claimant failed to establish that the miner's pneumoconiosis arose out of coal mine employment" (A-3). In the Director's brief, he states that "the only issue is whether the miner's pneumoconiosis arose out of his coal mine employment" so we take it that it is admitted that Blevins' total disability was caused by his pneumoconiosis within the meaning of the statute. That leaves the only question to be decided on remand as whether Blevins' pneumoconiosis was due to his coal mine employment within the meaning of the statute