922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edith ROSE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2984.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Jan. 8, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-1663-BLA)
 Martin D. Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va., (argued) for petitioner; Margaret T. Schenck, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va.
 Karen Nancy Blank, Office of the Solicitor, United States Department of Labor, Washington, D.C., (argued) for respondent; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 Ben.Rev.Bd.
 REVERSED AND REMANDED.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Edith Rose, widow of coal miner Garland Rose, Jr., seeks review of the Benefits Review Board's ("the Board") decision affirming the denial of benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 (1988). The Board concluded that the denial determinations made by the Administrative Law Judge ("ALJ") were supported by substantial evidence. Rose contends that the ALJ's misunderstanding of the factual situation and his failure to comply with the Administrative Procedure Act ("APA"), specifically 5 U.S.C. Sec. 557(c)(3)(A) (1988), require that her claim be reconsidered. We agree and reverse the Board's decision and remand this case for further proceedings.
 
 I.
 
 2
 Edith Rose originally filed a claim under the Black Lung Benefits Act on March 15, 1979. The Department of Labor administratively denied the claim on October 9, 1980. By letter dated October 20, 1980, Mrs. Rose requested a formal hearing, but her lay representative failed to file the request for five months, and on March 30, 1981, she was informed by the deputy commissioner that her request was untimely. Pursuant to a second hearing request which challenged the deputy commissioner's determination of abandonment, the case was referred to the Department of Labor Office of Administrative Law Judges for a formal hearing. A hearing was held on March 20, 1987, at which Mrs. Rose claimed that she was eligible for survivor benefits.
 
 
 3
 The Black Lung Benefits Act provides benefits to miners and their survivors when it is established that the miner is or was totally disabled due to or dies as a result of pneumoconiosis arising out of coal mine employment. 20 C.F.R. Sec. 727.1 (1990). Section 727.203 provides that the above will be presumed if the miner was employed in coal mines for ten years and if one of five additional requirements is met. The only applicable requirement in this case provides:
 
 
 4
 In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 5
 20 C.F.R. Sec. 727.203(a)(5) (1990).
 
 
 6
 The parties agree that Garland Rose worked in coal mines for fifteen years. On May 17, 1967, Mr. Rose died from injuries sustained in a mine accident. His death occurred immediately following the accident; however, his death certificate erroneously listed the date of the accident as January 17, 1967. This discrepancy implies that Mr. Rose was in the hospital for a period of four months prior to his death. Other evidence before the ALJ was the testimony of Mrs. Rose, and affidavits of a co-worker and Mrs. Rose's brother. Mrs. Rose testified as to the nature of Mr. Rose's work and the deterioration of his physical condition caused by his employment. The co-worker's affidavit stated that Mr. Rose had trouble breathing when he lifted anything, and the brother-in-law's affidavit stated that Mr. Rose had debilitating loss of wind and coughing spells for twelve years preceding his death.
 
 
 7
 The ALJ issued a decision and order denying benefits on the basis of abandonment pursuant to 20 C.F.R. Sec. 725.409 (1990). The ALJ further found that the benefits could not be awarded based on the evidence of record. The ALJ emphasized that there was no medical evidence that established that Mr. Rose had pneumoconiosis, and that claimant's statement that Mr. Rose would not seek medical treatment was highly improbable. The ALJ stated that "[t]his is particularly true as the miner lived for four months after the mining accident and he was obviously under medical care at that time." The ALJ maintained that if Mr. Rose had a respiratory disease, the medical personnel would have noted such in his records. Finally, the ALJ concluded that "[c]laimant's testimony and the statements of her witnesses do not demonstrate the presence of a totally disabling respiratory or pulmonary disease." Therefore, the interim presumption of section 727.203(a)(5) was found not to apply. The ALJ provided no analysis or discussion of claimant's testimony or the affidavits.
 
 
 8
 On July 31, 1989, the Board affirmed the denial of benefits on the merits of the claim without addressing the procedural ground for denial.* The Board found that the ALJ correctly considered the applicability of section 727.203(a)(5) and held that substantial evidence supported the ALJ's conclusion that the lay evidence was insufficient to establish the existence of a totally disabling respiratory or pulmonary impairment. Therefore, the interim presumption was not invoked.
 
 II.
 
 9
 The Board is bound by an ALJ's findings of fact if they are supported by substantial evidence. Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir.1984). Our review of the Board's decision is limited to a determination of whether the Board committed an error of law and whether the Board adhered to its scope of review. Kowalchick v. Director, OWCP, 893 F.2d 615, 619 (3d Cir.1990). Accordingly, we "independently review the record and 'decide whether the ALJ's findings are supported by substantial evidence.' " Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir.1986) (quoting Walker v. Universal Terminal & Stevedoring Corp., 645 F.2d 170, 172 (3d Cir.1981)).
 
 III.
 
 10
 After reviewing the record, we find that the ALJ's findings are not supported by substantial evidence, because the ALJ erroneously relied on a critical piece of evidence, the inaccurate death certificate. It is clear that the interval between the accident and the death was a factor in the ALJ's decision. Even though the ALJ may have come to the same conclusion if he had known that the actual interval were only five minutes, it is not appropriate for this court "to supply a rationale for the ALJ's decision or to affirm on grounds other than those relied upon by the ALJ." Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 895 (7th Cir.1990). Because the discrepancy could have been influential, we remand the case for the ALJ to address the evidence in light of the short interval between the accident and the death.
 
 
 11
 In addition, the conclusory statement by the ALJ that there was insufficient evidence to invoke the presumption is inadequate. It is critical to the review process that the ALJ set forth the rationale for his findings of fact and conclusions of law. The APA requires that an ALJ's decision be accompanied by a statement of "findings and conclusions, and the reasons or basis therefor, on all material issues of fact, law, or discretion presented on the record." 5 U.S.C. Sec. 557(c)(3)(A). Courts have respected this requirement by remanding cases in which the reasoning for the ALJ's conclusions is deficient and, therefore, does not present adequate information to permit a thorough review. See, e.g., Maxey v. Califano, 598 F.2d 874, 875, 876 (4th Cir.1979); Arnold v. Secretary of HEW, 567 F.2d 258 (4th Cir.1977). "A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court." Maxey, 598 F.2d at 876. In this case, the ALJ violated the requirements of the APA by failing to provide any explanation for his findings and conclusions, making review impossible.
 
 
 12
 While the Director concedes that the ALJ violated the APA, he argues that remand is not necessary since the evidence yields only one result. We disagree. The ALJ's opinion was clearly influenced by his misunderstanding that there was a four-month hospitalization, and the ALJ erroneously believed that the claim had been abandoned.
 
 
 13
 For the foregoing reasons, we reverse the Board's decision and remand this case for reconsideration consistent with this opinion.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 On appeal, the Director waived the abandonment argument since the delay in filing the request was through no fault of Mrs. Rose