935 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert PATRICK, Petitioner,
v.
JEWELL RIDGE COAL COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-2914.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided May 31, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-1364-BLA)
 Vernon Mandel Williams, Wolfe & Farmer, Norton, Va., for petitioner.
 Michael F. Blair, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Patrick petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act ("the Act"), 30 U.S.C. Secs. 901 et seq. We vacate and remand.
 
 
 2
 The ALJ found the evidence of record sufficient to establish invocation of the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(3), but determined that Jewell Ridge Coal Corporation ("employer") successfully rebutted the presumption pursuant to 20 C.F.R. Sec. 727.203(b)(2) and (4). The Board reversed the ALJ's finding of subsection (b)(4) rebuttal in view of recent decisions by this court invalidating that subsection, see Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990); Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990), but affirmed the finding of subsection (b)(2) rebuttal.
 
 
 3
 On appeal, claimant contends that the ALJ acted contrary to our decision in Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987), by finding subsection (b)(2) rebuttal, and that the Board "simply glossed over the ALJ's (b)(2) findings." Employer responds that the ALJ's finding of rebuttal pursuant to subsection (b)(2) was proper, and argues that, in view of the United States Supreme Court's decision to grant certiorari in Taylor, and Dayton, subsection (b)(4) is once again a viable means of establishing rebuttal.
 
 
 4
 Rebuttal may be established pursuant to subsection (b)(2) by showing that the miner "is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. Sec. 727.203(b)(2). The record contains medical reports from four physicians specifically addressing the issue of claimant's disability.
 
 
 5
 The September 1982 reports of Drs. Byers and Kress support employer's position. Dr. Byers found that Patrick suffered from a mild obstructive ventilatory defect but opined that it was not disabling. Dr. Kress, after reviewing the findings of the other physicians, opined that Patrick was not totally disabled and retained the capacity to perform his usual coal mine work.
 
 
 6
 The reports of Drs. Moore and Buddington conflicted with these opinions. Dr. Moore's June 1980 report diagnosed chronic obstructive pulmonary disease, moderately severe chronic anxiety neurosis, chronic low back syndrome, and psoriasis. He commented that Patrick "becomes extremely nervous with exertion and has a psoriatic eruption which is also influenced by episodes of anxiety." He concluded that Patrick "will never be able to return to any type of manual labor on any basis." In a January 1982 report, Dr. Buddington diagnosed a moderate pulmonary impairment which he opined was "sufficient to prevent [Patrick] from doing his primary mining job."
 
 
 7
 In finding rebuttal pursuant to subsection (b)(2), the ALJ noted that "Dr. Byers stated expressly that Claimant's mild ventilatory defect was not disabling and Dr. Kress said it was his opinion that Claimant had the capacity for his usual coal mine work, which provides (b)(2) rebuttal." The Board affirmed this finding, stating that the ALJ "permissibly relied upon the medical reports of Drs. Kress and Byers, who both opined that claimant was not totally disabled, to establish subsection (b)(2)." Neither the ALJ nor the Board provided any further substantive discussion of subsection (b)(2) rebuttal.
 
 
 8
 We find the decisions of the ALJ and the Board to be insufficient to provide this Court with a basis for review. The Administrative Procedure Act ("APA") requires ALJ decisions to include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." Consistent with this mandate, we have held that "unexplained conclusions, 'unsupported by reasoning or evidence, [are] generally of no use to a reviewing court.' " Cook v. Director, Office of Workers' Compensation Programs, 901 F.2d 33, 36 (4th Cir.1990), citing Maxey v. Califano, 598 F.2d 874 (4th Cir.1979).
 
 
 9
 The ALJ's duty to explain the basis for his decision to reject certain evidence takes on particular importance where the evidence is conflicting. See Peabody Coal v. Hale, 771 F.2d 246 (7th Cir.1985). In this case, the reports of Drs. Moore and Buddington directly conflict with the reports of Drs. Kress and Byers. The ALJ's opinion, however, provides no reason for crediting employer's reports over Patrick's reports. His decision does not weigh, or even discuss, these reports which were relevant to subsection (b)(2) rebuttal.
 
 
 10
 Further, it is unclear whether the ALJ analyzed the evidence in accordance with the principal set forth in Sykes, that subsection (b)(2) rebuttal is concerned with the question of whether the miner is totally disabled "for whatever reason." 812 F.2d at 893, 894. The record contains evidence that Patrick has ailments of a non-respiratory nature which may render him unable to perform his usual coal mine work. The ALJ noted in his Findings of Fact that claimant was forced to leave work in 1979 due to back problems. Dr. Moore, Patrick's treating physician, diagnosed back problems, psoriasis, and chronic anxiety neurosis in addition to claimant's pulmonary problems. Finally, Dr. Kress's comment that these problems were "not pertinent to the issue as to any real respiratory impairment" suggests that his opinion of no disability may have been purely from a respiratory standpoint, in which case it would be insufficient to establish rebuttal under Sykes.
 
 
 11
 A finding of rebuttal under subsection (b)(2) also requires that consideration be given to the physical demands of the miner's work. Adkins v. United States Dep't of Labor, Office of Workers' Compensation, 824 F.2d 287 (4th Cir.1987); Sykes, supra. The ALJ found that Patrick's work required him to lift and drag heavy cable frequently, but the ALJ's rebuttal discussion does not address whether claimant's various impairments would preclude him from performing these duties.
 
 
 12
 The decision and order of the Board is therefore vacated and the case is remanded to the Board for further remand to an ALJ for reconsideration of subsection (b)(2) rebuttal in light of all relevant evidence and in accordance with our decision in Sykes. We note that the Supreme Court has granted certiorari in Taylor and Dayton. See 59 U.S.L.W. 3145 (U.S.1990) (Nos. 90-113, 114). On remand, therefore, the ALJ should also consider the effect of the Supreme Court's decision, if any, on the availability of subsection (b)(4). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 VACATED AND REMANDED WITH INSTRUCTIONS.