39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dowell BAILEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-1157.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1994.
Decided Nov. 7, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-302-BLA)
 S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner. Judith E. Kramer, Deputy Solicitor of Labor, Donald S. Shire, Associate Solicitor, Marta Kusic, Counsel for Appellate Litigation, Gary K. Stearman, U.S. Dept. of Labor, Washington, DC, for respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dowell Bailey seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The only issue in this case concerns the propriety of the ALJ's finding of rebuttal pursuant to 20 C.F.R. Sec. 727.203(b)(3). The ALJ found rebuttal under subsection (b)(3) based upon Dr. Zaldivar's finding that Bailey suffered from no pulmonary impairment. Recently, in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir.1994), we held that a finding of no pulmonary impairment whatsoever is legally sufficient to support rebuttal under subsection (b)(3). Thus, it is clear at the outset that Dr. Zaldivar's report, if properly credited, would tend to support a finding of rebuttal pursuant to subsection (b)(3).
 
 
 2
 Bailey, however, contends that Dr. Zaldivar's report was improperly credited. We disagree. Bailey first argues that Dr. Zaldivar's report fails to reflect that the physician was sufficiently familiar with the exertional requirements of Bailey's coal mine work. While such information is crucial in some cases, such as where the physician must determine whether an impairment of a certain degree would prevent the miner from performing his usual coal mine work, it is not relevant in a case such as this where the physician has found no impairment whatsoever, and where, in any event, the miner is already presumed to be unable to perform his usual work, and the question is whether his presumed total disability arose out of coal mine employment.
 
 
 3
 Next, we reject Bailey's position that Dr. Zaldivar could not consistently find the absence of a pulmonary impairment after noting the presence of a "minimal airway obstruction" on ventilatory testing. Despite this obstruction, Bailey's test results still produced non-qualifying values within the normal range for a person his age and height. In the physician's judgment, Bailey's tests revealed no pulmonary impairment, taking the obstruction into account. We find no irreconcilable inconsistency in the physician's findings.
 
 
 4
 Finally, we reject Bailey's contention that the ALJ was not free to credit Dr. Zaldivar's finding of no pulmonary impairment because Dr. Zaldivar's finding of no pneumoconiosis was contrary to the ALJ's finding of invocation at 20 C.F.R. Sec. 727.203(a)(1)(1993) on the basis of X-rays. Pneumoconiosis is established on the basis of different data than the other critical elements of a black lung claim, and it is not necessarily inconsistent to credit a physician's opinion regarding one element while rejecting his view concerning another element. See Koppenhaver v. Director, Office of Workers' Compensation Programs, 864 F.2d 287, 288 (3d Cir.1988); Adams v. Peabody Coal Co., 816 F.2d 1116, 1119 (6th Cir.1987). Moreover, contrary to Bailey's contention, Dr. Zaldivar's finding of no pulmonary impairment was reached independently of his finding of no pneumoconiosis, and the former finding is supported by the results of Dr. Zaldivar's pulmonary function tests, blood gas tests, and physical examination.
 
 
 5
 We note, however, that the record contains evidence other than Dr. Zaldivar's report which is relevant to whether Bailey suffers from a pulmonary impairment. While some of this evidence tends to corroborate the findings of Dr. Zaldivar, the record contains a qualifying pulmonary function study performed by Dr.Palaez, and a report submitted by Dr.Rasmussen finding that Bailey exhibited abnormalities on blood gas testing, and opining that Bailey has suffered a loss of functional capacity between forty and fifty percent. The ALJ is obligated to weigh all relevant evidence at rebuttal. See Maxey v. Califano, 598 F.2d 874, 876 (4th Cir.1979). The evidence submitted by Drs. Palaez and Rasmussen conflicts with the evidence submitted by Dr. Zaldivar, and such conflict requires resolution. In finding rebuttal, however, the ALJ relied on Dr. Zaldivar's report without discussing the remaining evidence of record.
 
 
 6
 We therefore agree with the suggestion of the Director, Office of Workers' Compensation Programs (Director), that this case should be remanded for further consideration. We note the Director's statement in his brief that he would not object to Bailey submitting further evi dence in this case if the case is remanded, so long as the Director receives an opportunity to respond. Considering the dearth of medical evidence in this case, further development of the record may serve to clarify Bailey's respiratory status.
 
 
 7
 The decision of the Board is therefore vacated and the case is remanded to the Board for further remand to the ALJ, who should discuss all evidence of record pertinent to rebuttal consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. On remand, the parties may introduce more evidence if they be so advised.
 
 
 8
 VACATED AND REMANDED WITH INSTRUCTIONS.